IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RALPH SMITH and IGNATIUS HARRIS, individually and on behalf of all others similarly situated, | ) ) ) ) | Civil Action No. 17-911 |
| Plaintiffs, | ) ) | Magistrate Judge Robert C. Mitchell |
| v. | ) ) | |
| ALLEGHENY TECHNOLOGIES, INC. and STROM ENGINEERING CORPORATION, | ) ) ) | Electronically Filed |
| Defendants. | ) ) ) | |

**DEFENDANT ALLEGHENY TECHNOLOGIES INCORPORATED'S
MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS**

David J. Kolesar (PA70439)
Ali J. Parker (PA318607)
K&L Gates LLP
K&L Gates Center
210 Sixth Avenue
Pittsburgh, Pennsylvania 15222-2613
Tel: 412-355-6500
Fax: 412-355-6501
Email: david.kolesar@klgates.com
Email: ali.parker@klgates.com

Counsel for Defendant
Allegheny Technologies Incorporated

Dated: August 3, 2017

## TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ...................................................................................1

II.  SUMMARY OF ALLEGATIONS ......................................................1

III. ARGUMENT ........................................................................................3

    A.   Plaintiffs' FLSA Claim Fails. ....................................................3

        1.   Commuting time is not compensable..................................3

        2.   Plaintiffs' attempts to characterize commuting time as compensable work time fail. ..............................................6

            a.   "But for" causation does not make commuting time compensable...................................................................7

            b.   That commuting to work was for the "benefit" of ATI and Strom does not make commuting time compensable. ....................9

            c.   That commuting to work in company vans was "required" and "controlled" by ATI and Strom does not make commuting time compensable .......................................10

            d.   That commuting in company vans was required for "safety" reasons because traveling across picket lines was "dangerous" does not make commuting time compensable ..........11

            e.   That Plaintiffs were required to meet at a "central location" to get in the company vans does not make commuting time compensable...................................................................12

            f.   That Plaintiffs were required to "sign in" before getting in the company vans does not make commuting time compensable...................................................................13

            g.   That Plaintiffs were required to follow certain "procedures" while commuting in company vans does not make commuting time compensable .......................................14

            h.   That Plaintiffs spent 1.5 to 2 hours in the company vans each day does not make commuting time compensable ...............15

            i.   That Plaintiffs sometimes carried PPE in the company vans does not make commuting time compensable ..............................16

    B.   Plaintiffs' PMWA Claim Fails..................................................17

      C.      Plaintiffs' Unjust Enrichment Claim Fails ............................................................ 19

      D.      Plaintiffs' OMWS Claim Fails .......................................................................... 20

IV.    CONCLUSION ............................................................................................................ 21

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ankerstjerne v. Schlumberger, Ltd.*,
  155 Fed. Appx. 48 (3d Cir. 2005) ........................................................................20

*Ashcroft v. Iqbal*,
  556 U.S. 662, 129 S. Ct. 1937 (2009) ..............................................................3, 5, 7

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2008) .......................................................................................3

*Bonds v. GMS Mine Repair & Maintenance, Inc.*,
  No. 13-1217, 2015 WL 5602607 (W.D. Pa. Sept. 23, 2015) .......................................*passim*

*Bonilla v. Baker Concrete Construction, Inc.*,
  487 F.3d 1340 (11th Cir. 2007) .....................................................................*passim*

*Century Indemnity Co. v. URS Corp.*,
  No. 08-5006, 2009 WL 2446990 (E.D. Pa. Aug. 7, 2009) ..............................................20, 21

*Del Rosario v. Labor Ready Southeast, Inc.*,
  124 F. Supp. 3d 1300, 1303, 1309-10 (S.D. Fla. 2015)..........................................11, 13, 16

*Espinoza v. Atlas Railroad Construction, LLC*,
  657 Fed. Appx. 101 (3d Cir. 2016)..................................................................18, 19

*Gallardo v. Scott Byron & Co.*,
  No. 12-7202, 2014 WL 126085 (N.D. Ill. Jan. 14, 2014).........................................8, 10, 11

*Griffin v. S&B Engineers & Constructors, Ltd.*,
  507 Fed. Appx. 377 (5th Cir. 2013)............................................................13, 14, 15, 16

*Hodge v. Lear Siegler Services, Inc.*,
  No. 06-263, 2008 WL 2397674 (D. Idaho June 9, 2008) ........................................9, 10, 11, 16

*Hurst v. First Student, Inc.*,
  181 F. Supp. 3d 827, 836 (D. Or. 2016) ...............................................................21

*IBP, Inc. v. Alvarez*,
  546 U.S. 21 (2005).....................................................................................13

*Integrity Staffing Solutions, Inc. v. Busk*,
  135 S. Ct. 513 (2014).............................................................................*passim*

*Knight v. Allstar Building Materials, Inc.*,
No. 08-457, 2009 WL 3837870 (M.D. Fla. Nov. 17, 2009) ...................................13

*McGuckin v. Brandywine Realty Trust*,
185 F. Supp. 3d 600, 607 (E.D. Pa. 2016) ........................................................19, 20

*Pennsylvania Federation of the Bhd. of Maintenance of Way Employees v.
National Railroad Passenger Corp.*,
989 F.2d 112 (3d Cir. 1993) ..............................................................................18, 19

*Schwartz v. Victory Security Agency, LP*,
No. 11-489, 2011 WL 2437009 (W.D. Pa. June 4, 2011) .......................................6

*Singh v. City of New York*,
524 F.3d 361 (2d Cir. 2008) ......................................................................5, 15, 17

*Sleiman v. DHL Express*,
No. 09-414, 2009 WL 1152187 (E.D. Pa. Apr. 27, 2009) ............................ *passim*

*Smith v. Aztec Well Servicing Co.*,
462 F.3d 1274 (10th Cir. 2006) .................................................................. *passim*

*Vega v. Gasper*,
36 F.3d 417 (5th Cir. 1994) .....................................................................5, 14, 16

## Statutes and Other Authorities

29 U.S.C. § 207(a)(1) ..............................................................................................3

29 U.S.C. § 254 ....................................................................................................3, 6

29 U.S.C. § 254(a) ..............................................................................................4, 21

20 C.F.R. § 790.7(g) ..............................................................................................14

29 C.F.R. § 785.35 .............................................................................................4, 21

29 C.F.R. § 785.38 .................................................................................................13

29 C.F.R. § 790.7(f) ...........................................................................................4, 21

34 Pa. Code § 231.1 ...............................................................................................18

Or. Rev. Stat. § 653.261(1) ...................................................................................21

Or. Admin. R. 839-020-0030 .................................................................................21

Or. Admin. R. 839-020-0045 ........................................................................................21

Or. Admin. R. 839-020-0045(1) ..............................................................................21, 22

Or. Admin. R. 839-020-0045(3) ...................................................................................21

Or. Admin. R. 839-020-0045(5) ...................................................................................21

Rule 12 .............................................................................................................6, 18, 19, 20

## I.  INTRODUCTION

Plaintiffs claim that, when they were employed by Strom Engineering Corporation ("Strom") to provide temporary staffing services during a work stoppage at Allegheny Technologies Incorporated ("ATI"), they should have been compensated for the time they spent commuting between their hotels and their work sites.  *See, e.g.*, Complaint ¶¶ 76-103.  Plaintiffs claim that, by not paying them for their commuting time, ATI and Strom violated the Fair Labor Standards Act ("FLSA"), the Pennsylvania Minimum Wage Act ("PMWA"), Pennsylvania common law, and the Oregon minimum wage and overtime statute ("OMWS").

Plaintiffs' claims fail.  Plaintiffs' claims are nothing but an attempt to be compensated for ordinary commuting time, which is entirely foreclosed by the FLSA, the Portal-to-Portal Act, Pennsylvania law, and Oregon law.  Plaintiffs try to escape that controlling law through untenable characterizations of such basic ideas as "principal activity" and "integral and indispensable," but those efforts fail to save their claims.  In short, Plaintiffs have not asserted, and cannot assert, factual allegations showing the plausibility of their claims.  ATI respectfully submits that the Complaint should be dismissed in its entirety, with prejudice.

## II.  SUMMARY OF ALLEGATIONS

On August 15, 2015, ATI instituted a lockout of its unionized workforce at twelve facilities, which lockout ended in March 2016.[1]  Complaint ¶¶ 29-39, 41.  During that lockout, ATI entered into an agreement with Strom to provide a temporary workforce at its facilities to keep the facilities in operation.  *Id.* at ¶¶ 49-50.  Strom hired Plaintiffs to be part of that temporary workforce.  *Id.* at ¶¶ 4-5, 71-72.  Plaintiff Smith worked at an ATI facility in Pennsylvania, and Plaintiff Harris worked at an ATI facility in Oregon.  *Id.* at ¶¶ 4-5.

---

[1]  ATI accepts Plaintiffs' allegations as true for purposes of its motion to dismiss only.

Plaintiffs did not live near the ATI facilities at which they worked during the lockout.  *Id.* at ¶ 52.  As a result, Strom arranged housing for them at local hotels.  *Id.*  Strom also arranged transportation for Plaintiffs from the hotels to their work sites (and back again) in company vans. *Id.* at ¶¶ 77-78.  Plaintiffs allegedly were "required" to ride to and from their work sites in the company vans for safety reasons involved with crossing a picket line.  *Id.* at ¶¶ 83-85.

Plaintiffs performed the following "work" in connection with riding in the company vans from their hotels to their work sites:  (i) meeting at the location where the vans picked them up approximately ten to fifteen minutes before the vans left; (ii) signing a sign-in sheet before they boarded the vans; (iii) traveling in the vans to their work sites; and (iv) arriving at their work sites approximately five to fifteen minutes before the start of their shifts.  *Id.* at ¶ 82.

After their shifts ended, Plaintiffs performed the following "work" in connection with riding in the company vans from their work sites to their hotels:  (i) meeting at the location where the vans picked them up; and (ii) traveling in the vans to their hotels.  *Id.*

Additionally, Plaintiffs allege that ATI and Strom instructed them that, when they rode in the company vans, they were not to engage in conflicts with any striking union members so as to preserve a safe traveling environment.  *Id.* at ¶¶ 87-89.  Plaintiffs were required to carry identification cards.  *Id.* at ¶ 94.  Plaintiffs "often" were required to transport Personal Protective Equipment ("PPE") in the company vans, such as hard hats, work boots, safety glasses, and gloves.  *Id.* at ¶ 95.

Plaintiffs claim that commuting from their hotels to their work sites and back again took approximately 1.5 to 2 hours per day.  *Id.* at ¶¶ 81-82, 90-91.  Plaintiffs were not paid for the time they spent commuting to or from their work sites.  *Id.* at ¶¶ 90-91, 96.  Plaintiffs claim that they should have been compensated for that commuting time.  *E.g., id.* at ¶ 105.

2

### III. <u>ARGUMENT</u>

To survive dismissal, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 1953 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2008). Although a court must accept as true well-pleaded factual allegations in the complaint, "that requirement does not apply to legal conclusions; therefore, the pleadings must include factual allegations to support the legal claims asserted." *Iqbal*, 129 S. Ct. at 1949, 1953. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to survive a motion to dismiss. *Id.* at 1949.

### A.   <u>Plaintiffs' FLSA Claim Fails.</u>

Plaintiffs' FLSA claim amounts to nothing more than a claim to be paid for commuting time. That claim is contrary to, and precluded by, well-established statutory and case law. Plaintiffs' FLSA claim accordingly fails to state any plausible claim and should be dismissed.

### 1.   <u>Commuting time is not compensable.</u>

The FLSA requires employers to pay employees overtime compensation for each hour worked in excess of forty hours in each workweek. *See* 29 U.S.C. § 207(a)(1). The Portal-to-Portal Act ("PPA") provides certain exclusions for which employers are **not** required to compensate employees. *See* 29 U.S.C. § 254; *see also Integrity Staffing Solutions, Inc. v. Busk*, 135 S. Ct. 513, 516 (2014); *Bonds v. GMS Mine Repair & Maintenance, Inc.*, No. 13-1217, 2015 WL 5602607, *5-6 (W.D. Pa. Sept. 23, 2015).

In particular, the PPA clarifies that employers are **not** required to compensate employees for the following two categories of work-related activities:

> (1) walking, riding, or traveling to and from the actual place of performance of the principal activity or activities which such employee is employed to perform, and
>
> (2) activities which are preliminary or postliminary to said principal activity or activities,
>
> which occur either prior to the time on any particular workday at which such employee commences, or subsequent to the time on any particular workday at which he ceases, such principal activity or activities.

29 U.S.C. § 254(a); *see also Bonds*, 2015 WL 5602607, *6.

The PPA's implementing regulations illustrate the exclusions in the PPA with various concrete examples:

> Examples of walking, riding, or traveling which may be performed outside the workday and would normally be considered "preliminary" or "postliminary" activities are (1) walking or riding by an employee between the plant gate and the employee's lathe, workbench or other actual place of performance of his principal activity or activities; **(2) riding on buses between a town and an outlying mine or factory where the employee is employed; and (3) riding on buses or trains from a logging camp to a particular site at which the logging operations are actually being conducted.**

29 C.F.R. § 790.7(f) (emphasis added).  Other regulations are equally clear:

> **An employee who travels from home before his regular workday and returns to his home at the end of the workday is engaged in ordinary home to work travel which is a normal incident of employment.**  This is true whether he works at a fixed location or at different job sites.  Normal travel from home to work is not worktime.

29 C.F.R. § 785.35 (emphasis added).

In light of the foregoing law, it is beyond dispute that time spent commuting between one's lodgings and one's place of work is neither a "principal activity" nor "integral and indispensable" to principal activities, and accordingly is not compensable under the FLSA.  *See, e.g.*, *Smith v. Aztec Well Servicing Co.*, 462 F.3d 1274, 1286 (10th Cir. 2006) (stating that "[e]mployers are therefore not required to compensate employees for time spent commuting between home and their workplace" and "the Portal-to-Portal Act clearly excludes normal home

to work travel"); *Singh v. City of New York*, 524 F.3d 361, 367 (2d Cir. 2008) (stating that "employees need not be compensated 'for or on account of' commuting to and from work"); *Vega v. Gasper*, 36 F.3d 417, 425 (5th Cir. 1994) (stating that "ordinary to-work or from-work travel [is] not compensable"); *Bonilla v. Baker Concrete Construction, Inc.*, 487 F.3d 1340, 1343 (11th Cir. 2007) (stating that travel to and from work "fits squarely within this statutory exception" and is not compensable); *Bonds*, 2015 WL 5602607, *3 & n.8.  Even Plaintiffs acknowledge that settled law.  *See* Complaint ¶ 97.

The factual allegations in the Complaint establish that Plaintiffs' claim is nothing but a claim to be compensated for their commuting time, which is not compensable under the foregoing settled law.[2]  *See* Complaint ¶¶ 80-82, 96, 101.  In particular, Plaintiffs allege that, for the duration of their employment with Strom, they stayed in hotels at some distance from their work sites.  *Id.* at ¶¶ 52, 76.  Early in the mornings, Plaintiffs rode in company vans from their hotels to their assigned work sites.  *Id.* at ¶¶ 76-77.  Once at their work sites, Plaintiffs worked their assigned shifts, Plaintiff Smith as a train operator and Plaintiff Harris as a furnace operator. *Id.* at ¶¶ 4-5, 71-73, 82.  When their work shifts ended, Plaintiffs rode in company vans from their assigned work sites back to their hotels.  *Id.* at ¶ 78.

Thus, the factual allegations in the Complaint establish that the commuting time for which Plaintiffs seek compensation falls squarely within the PPA.  *See* 29 U.S.C. § 254.  Under the PPA and the foregoing authorities, Plaintiffs' claim to be compensated for their commuting time is not cognizable and fails as a matter of law.  *See* authorities *supra* at 3-5.  ATI respectfully submits that Plaintiffs' FLSA claim should be dismissed.

---

[2]  For purposes of ATI's motion, Plaintiffs' legal conclusions, such as that "Plaintiffs' and Class Members' workday actually began" when they boarded the company vans in the morning (Complaint ¶ 76) and that riding on the vans was "work" (Complaint ¶ 80), are not entitled to the presumption of truth and should be disregarded.  *E.g., Iqbal*, 129 S. Ct. at 1949, 1953.

## 2. Plaintiffs' attempts to characterize commuting time as compensable work time fail.

In its recent landmark *Integrity Staffing Solutions* decision, the Supreme Court reaffirmed that the term "principal activity or activities" as used in the PPA includes "all activities which are an 'integral and indispensable part of the principal activities.'" *Integrity Staffing Solutions*, 135 S. Ct. at 517. Further, those terms must be interpreted according to their "ordinary sense." *Id.* (affirming Rule 12 dismissal of putative FLSA class action). Thus, as used in the PPA:

> An activity is therefore integral and indispensable to the principal activities that an employee is employed to perform [and therefore is compensable] if it is an intrinsic element of those activities and one with which the employee cannot dispense if he is to perform his principal activities.

*Id.*; *see also Bonds*, 2015 WL 5602607, *6-9 (reviewing Supreme Court jurisprudence on the meaning of "integral and indispensable" under the PPA); *Schwartz v. Victory Security Agency, LP*, No. 11-489, 2011 WL 2437009, *4-5 (W.D. Pa. June 4, 2011) (same; granting motion to dismiss putative FLSA class action).

In the Complaint, Plaintiffs make various attempts to argue that their commuting time is actually "work" time and should be excused from the rule that commuting time is not compensable.[3] Far from interpreting them according to their "ordinary sense," *see Integrity*

---

[3] Plaintiffs' numerous assertions that their commuting time is compensable "work" time and either is the "principal activity" or is "integral and indispensable" to the principal activity that they were hired to perform, *see, e.g.*, Complaint ¶¶ 62-64, 80-81, 89, 96, 98-99, 101-03, are not factual allegations, but rather are conclusory assertions and legal conclusions that are not entitled to the presumption of truth. *E.g., Iqbal*, 129 S. Ct. at 1949, 1953. Indeed, Plaintiffs even cite case law in their Complaint, confirming that they have attempted to use the Complaint improperly to present legal arguments instead of factual allegations. *E.g.*, Complaint ¶¶ 97-99. 101. Moreover, Plaintiffs' legal assertions that the "principal activity" they were hired to perform was to be transported to their work sites, *see, e.g.*, Complaint ¶¶ 102-03, not only flies in the face of logic, but also is contrary to law. *See, e.g., Integrity Staffing Solutions*, 135 S. Ct. at 518 ("Integrity Staffing did not employ its workers to undergo security screenings, but to retrieve products from warehouse shelves and package those products for shipment to Amazon customers."); *Bonds*, 2015 WL 5602607, at *10 ("GMS did not employ Plaintiffs to attend these [pre-shift safety] meetings or otherwise conduct any pre-shift activities, but to perform

*Staffing Solutions*, 135 S. Ct. at 517, however, Plaintiffs distort the terms "principal activities"

and "integral and indispensable" in ways that turn the "ordinary sense" of those terms on its head

and that are contrary to law.  Plaintiffs' position, in fact, would eviscerate the PPA.  In short,

Plaintiffs' attempts to transform commuting time into compensable work time fail.

a.    <b>"But for" causation does not make commuting time<br>compensable.</b>

Plaintiffs assert that they "could not perform ***any*** work at ATI's facilities if Strom did not

coordinate their transport across the picket lines" so that they could get to their work sites.  *E.g.*,

Complaint ¶ 102 (emphasis in original).  Thus, Plaintiffs claim that their commute was "integral

and indispensable" work time.  *Id.* at ¶¶ 98-103.  Plaintiffs' assertion fails for two reasons.

First, Plaintiffs' assertion fails because the "integral and indispensable" test "is not a

but-for test of causal necessity":

> [The plaintiffs] place great weight on the necessity of going through the screening
> in order to do their jobs.  But the "integral and indispensable" test is not a but-for
> test of causal necessity.  "[T]he fact that certain preshift activities are necessary
> for employees to engage in their principal activities does not mean that those
> preshift activities are 'integral and indispensable' to a 'principal activity' under
> [Supreme Court case law].  If mere causal necessity was sufficient to constitute a
> compensable activity, all commuting would be compensable because it is a
> practical necessity for all workers to travel from their homes to their jobs.  If the
> Portal-to-Portal Act is to have any meaning at all, its terms cannot be swallowed
> by an all-inclusive definition of "integral and indispensable."

*Bonilla*, 487 F.3d at 1344 (commuting time not compensable even though employees could not

have performed any work in a secured area of an airport without passing through a single

---

underground labor related to its contracted mining operations . . . as well as the above-ground
activities (such as readying parts and resupplying) which were actually necessary to conduct and
complete that work."); *Smith*, 462 F.3d at 1289 ("[R]equiring employees to show up at their
work stations with [standard equipment] is no different from having a baseball player show up in
uniform . . . or a judge with a robe.  It is simply a prerequisite for the job, and is purely
preliminary in nature.").  Strom employed Plaintiffs to work as a train operator and as a furnace
operator in certain ATI facilities.  *See* Complaint ¶¶ 71-72.  It did not employ Plaintiffs to
commute to work in company vans.  *Id.*

security checkpoint and then riding on authorized company buses or vans to their work sites); *see also Integrity Staffing Solutions*, 135 S. Ct. at 519 (stating that it is an error to focus on whether an activity is "required" and that, "[i]f the test could be satisfied merely by the fact that an employer required an activity, it would sweep into 'principal activities' the very activities that the Portal-to-Portal Act was designed to address."); *Bonds*, 2015 WL 5602607, at *8-11 (quoting and applying *Integrity Staffing Solutions*' rejection of whether an activity is "required"); *Sleiman v. DHL Express*, No. 09-414, 2009 WL 1152187, *3-4 (E.D. Pa. Apr. 27, 2009) (granting motion to dismiss putative FLSA class action and stating: "Just because 'certain preshift activities are necessary for employees to engage in their principal activities does not mean that those preshift activities are 'integral and indispensable.'"); *Smith*, 462 F.3d at 1280-82, 1287-90 (commuting time not compensable even though, as a practical necessity, employees could not get to their remote work sites except by riding together in employer's four-wheel drive vehicle); *Gallardo v. Scott Byron & Co.*, No. 12-7202, 2014 WL 126085, *7-9 (N.D. Ill. Jan. 14, 2014) (commuting time not compensable even though employees had "no feasible alternative" than to ride to work sites in company vehicle; stating that that "would not transform ordinary home-to-work commute time into an 'integral and indispensable' part of Plaintiffs' principal activities").

Second, Plaintiffs' assertion actually does not address any activity performed by Plaintiffs at all, let alone whether Plaintiffs' commuting activity is "integral and indispensable." Rather, Plaintiffs' assertion addresses the alleged importance of activities **performed by Strom** (i.e., "coordinat[ing]" Plaintiffs' commute to work). *See* Complaint ¶ 102. Yet, the "integral and indispensable" test "is tied to the productive work that the **employee** is *employed to perform*," not on activities in which the employer engages. *See, e.g., Integrity Staffing Solutions*, 135 S. Ct. at 519 (first emphasis added); *Bonds*, 2015 WL 5602607, at *8. An employer's efforts to ensure

that its employees arrive to work safely and on time have no bearing on whether the employees' commuting time is compensable, even when the employer's efforts are a "practical necessity." *See, e.g., Bonilla*, 487 F.3d at 1341-44; *Sleiman*, 2009 WL 1152187, at *3-4; *Smith*, 462 F.3d at 1280-82, 1287-90; *Hodge v. Lear Siegler Services, Inc.*, No. 06-263, 2008 WL 2397674, *1, 8-11 (D. Idaho June 9, 2008) (commuting time not compensable even though, to get to their work sites in Iraq, employees were required to travel in employer's vans and buses through hazardous territory and security checkpoints in military zone).

In short, Plaintiffs' assertion that they could not have performed any work if they had not commuted to work fails to transform their commuting time into compensable work time.

### b. That commuting to work was for the "benefit" of ATI and Strom does not make commuting time compensable.

Plaintiffs assert that their commuting time was compensable work time because their commute across the picket line was for the "benefit" of ATI and Strom. *E.g.*, Complaint ¶¶ 62-64, 83, 93, 100, 102-03. Plaintiffs' assertion is contrary to law. According to the Supreme Court, when analyzing whether an activity is "integral and indispensable," "[a] test that turns on whether the activity is for the benefit of the employer is [] overbroad," and "would sweep into 'principal activities' the very activities that the Portal-to-Portal Act was designed to address." *Integrity Staffing Solutions*, 135 S. Ct. at 519; *see also Bonds*, 2015 WL 5602607, at *8, 10 (commuting time and other preshift activities not compensable even though they provided a benefit to the employer of maintaining safety at its worksite); *Gallardo*, 2014 WL 126085, at *7-9 (commuting time not compensable "even if [the employer] received some benefits from having a continued workforce and assuring that crews arrived to client work sites together"); *see also Hodge*, 2008 WL 2397674, at *7-8 ("In a sense, commuting is done for the benefit of an employer, otherwise the employee would not actually arrive at work. But, the mere act of

9

commuting confers no actual or practical benefit to the employer . . . and only serves the employee in the sense that he or she actually arrives at his or her place of business to do the tasks for which the employee was hired.").  Thus, Plaintiffs' assertion fails as a matter of law.

> c. **That commuting to work in company vans was "required" and "controlled" by ATI and Strom does not make commuting time compensable.**

Plaintiffs assert that their commuting time was compensable work time because they were "required" to commute in company vans, which allegedly were "controlled" by ATI and Strom.  *E.g.*, Complaint ¶¶ 62, 76-80, 82-85, 89-91, 93, 100-01.  The fact that an activity is "required" by an employer, however, does **not** render that activity "integral and indispensable":

> If the test [of "integral and indispensable"] could be satisfied merely by the fact that an employer required an activity, it would sweep into "principal activities" the very activities that the Portal-to-Portal Act was designed to address.

*Integrity Staffing Solutions*, 135 S. Ct. at 519; *see also Bonds*, 2015 WL 5602607, at *8, 11 (stating that the plaintiffs "wrongly focused on the mandatory nature of the alleged [preshift] meetings"); *Sleiman*, 2009 WL 1152187, at *3-4 ("Just because 'certain preshift activities are necessary for employees to engage in their principal activities does not mean that those preshift activities are 'integral and indispensable.'"); *Smith*, 462 F.3d at 1288-89 (holding that "even mandatory carpooling to and from the [work] sites is still [non-compensable] 'riding, or traveling' within the meaning of the Portal-to-Portal Act" where employees "were required to travel together for reasons related to the logistics of commuting rather than anything integral and indispensable to their principal activities"); *Bonilla*, 487 F.3d at 1343 (holding that "even mandatory travel time is exempted from compensation under the Portal-to-Portal Act"); *Gallardo*, 2014 WL 126085, at *7-9 (commuting time not compensable even though employees had "no feasible alternative" than to ride to work sites in employer's vehicle); *Del Rosario v. Labor Ready Southeast, Inc.*, 124 F. Supp. 3d 1300, 1303, 1309-10 (S.D. Fla. 2015) (mandatory

commuting in company shuttles from remote parking facility to work site not compensable and "fits 'squarely within' the preliminary and postliminary activities exception found in [the PPA]").  The fact that commuting in company vans allegedly was "required" and "controlled" by ATI and Strom, therefore, does not transform commuting time to work time under the law.

### d.    That commuting in company vans was required for "safety" reasons because traveling across picket lines was <u>"dangerous" does not make commuting time compensable.</u>

Plaintiffs claim that their commuting time was compensable work time because traveling across picket lines allegedly was "dangerous" and riding in company vans accordingly was required for "safety" reasons.  *See* Complaint ¶¶ 84-91, 93, 100.  In *Hodge*, however, the court held that commuting in a company vehicle across a military zone in Iraq was ordinary noncompensable commuting time even though the employees were required to travel across long distances of "hazardous terrain" through that military zone, including going through various military checkpoints.  *Hodge*, 2008 WL 2397674, at *10-11 (noting that commuting by military employees across dangerous territory and in "arduous conditions" was legally "no different than any other suburban dweller's commute to his or her place of employment" (citing authority)).  Similarly, in *Smith*, the Tenth Circuit held that commuting in a company vehicle was not compensable even though the required travel took the employees to remote well sites over dangerous unpaved four-wheel drive roads that were "impassible" by the ordinary passenger cars owned by most employees, and even the employer's specialized four-wheel drive vehicles sometimes got flat tires and got stuck in muddy sections of the road.  *Smith*, 462 F.3d at 1280-81.

Moreover, the fact that "safety" allegedly was a reason for the requirement that Plaintiffs travel in company vans also does not transform ordinary commuting time into compensable work time.  "[A] preliminary activity that serves a safety purpose is no more necessary to, or an integral part of, the employee's principal activity solely by virtue of the <u>**reason**</u> the activity is

performed." *Bonds*, 2015 WL 5602607, at *10 (quotation omitted).  Despite that fact that activities that protect employees' safety are "perhaps desirable," that does not render those safety activities an intrinsic part of the principal activities for which employees are employed, but rather they are "the sort of activity that is 'two steps removed' from the productive activity" for which employees are employed.  *Id.* (quoting *Integrity Staffing Solutions*, 135 S. Ct. at 518); *see also Integrity Staffing Solutions*, 135 S. Ct. at 519 (stating that there is "no distinction between the [security] searches conducted for the safety of the employees and those conducted for the purpose of preventing theft – neither [are] compensable under the Portal-to-Portal Act").

### e.   That Plaintiffs were required to meet at a "central location" to get in the company vans does not make commuting time compensable.

Plaintiffs assert that their commuting time was compensable work time because they were required to meet at a "central location" to get in the company vans to ride to and from their work sites.  *See* Complaint ¶¶ 76-77, 80, 82, 93, 100-01.  Plaintiffs are wrong because their argument assumes the conclusion they would need to prove in order to succeed.

In particular, being required by an employer to meet at a particular location triggers the commencement of the compensable workday only under certain circumstances – specifically, a principal activity or an "integral and indispensable" activity must be performed at the meeting location for the compensable work day to begin.  *See, e.g.*, 29 C.F.R. § 785.38 (travel from a meeting place to a work site is compensable **if** the employees "perform other work there" at the meeting place); *IBP, Inc. v. Alvarez*, 546 U.S. 21, 36 (2005) (stating that compensable work time occurs "**after** the beginning of the employee's first principal activity and **before** the end of the employee's last principal activity" (emphasis added)).

In and of itself, however, and contrary to Plaintiffs' suggestion, simply meeting at an assigned location does not alone constitute a "principal activity" or an "integral and

12

indispensable" activity, and does not alone trigger the start of compensable work.  *See, e.g.,*
*Smith*, 462 F.3d at 1288-89 (commuting time in company vehicles not compensable even though
the plaintiffs were required to meet at a central location away from their work site because they
performed no compensable work there); *Bonilla*, 487 F.3d at 1341-45 (same); *Sleiman*, 2009 WL
1152187, at *6 (same); *Del Rosario*, 124 F. Supp. 3d at 1303-04, 1309-10 (same); *Griffin v. S&B
Engineers & Constructors, Ltd.*, 507 Fed. Appx. 377, 379-80, 382-83 (5th Cir. 2013) (same);
*Knight v. Allstar Building Materials, Inc.*, No. 08-457, 2009 WL 3837870, *1-2, 5, 7 (M.D. Fla.
Nov. 17, 2009) (same); *see also Integrity Staffing Solutions*, 135 S. Ct. at 518 (stating that,
without performing any compensable "work," simply meeting at a designated location was
"two steps removed from the productive activity" and therefore was not compensable); *see also*
29 C.F.R. § 790.7(f) (traveling to work site in company vehicles not compensable even when
employees get on the vehicles at a central location such as a "town" or "logging camp").

Thus, because Plaintiffs failed to present factual allegations that any "principal activity"
or any "integral and indispensable" activity occurred at the "central location" where they
boarded the company vans, the fact that they allegedly were required to meet at a "central
location" did not make their commuting time compensable work time.

> **f.    That Plaintiffs were required to "sign in" before getting
> in the company vans does not make commuting time
> compensable.**

Plaintiffs assert that their commuting time was compensable work time because they
were required to "sign[] into a sign-in sheet" at the time they boarded the company vans in the
morning.  *See* Complaint ¶ 82.  Plaintiffs' assertion is again contrary to law.  When employees
are required to commute on company vehicles, following simple procedures such as signing a
"sign in" sheet, or getting a "head count," or scanning identification badges does not transform
commuting time into "integral and indispensable" work time.  Rather, such tasks are simple

administrative procedures related to the logistics of commuting and of transporting employees to their work sites.  Indeed, they are specifically identified as non-compensable in the PPA's regulations.  *See* 20 C.F.R. § 790.7(g) (identifying "checking in and out and waiting in line to do so" as ordinary non-compensable preliminary and postliminary activities); *see also Griffin*, 507 Fed. Appx. at 378-79, 382-82 (commuting time in company buses not compensable even though employees were required to "walk through turnstiles" and "scan their [employee identification] badge" prior to boarding company buses); *Bonilla*, 487 F.3d at 1341-44 (commuting time in company buses and vans not compensable even though employees were required to show employee identification cards and undergo employee "head counts" at a security gate while on the company vehicles); *Vega*, 36 F.3d at 423, 425 (commuting time in company vehicles not compensable even though day-labor employees were considered to be "hired" for the day when they boarded the company vehicles each morning); *Sleiman*, 2009 WL 1152187, at *3 (stating that "checking in and out and waiting in line to do so are considered non-compensable preliminary and postliminary activit[ies]" (quotations omitted)).  That Plaintiffs were required to sign a "sign in" sheet when they boarded the company vans fails to save their claim.

> **g.  That Plaintiffs were required to follow certain "procedures" while commuting in company vans does not make commuting time compensable.**

Plaintiffs assert that their commuting time was compensable work time because they were required to follow certain "procedures" while commuting in the company vans concerning "safely crossing the picket lines," such as the instruction "not to respond or engage with the individuals on the picket line" and the requirement that they carry employee "identification cards."  *See* Complaint ¶¶ 80, 83-84, 87-91, 93-94.  Plaintiffs' assertion is contrary to law.  A requirement that employees follow various procedures and other rules of conduct while commuting in company vehicles is "simply logistical, administrative, and marginally restrictive,

not integral and indispensable." *See Griffin*, 507 Fed. Appx. at 379-80, 383 (commuting time in company vehicles not compensable even though employees were required to carry and scan employee identification badges and were required to follow their employer's rules of conduct, including but not limited to "prohibitions on fighting and littering, using tobacco, consuming alcohol and controlled substances, and possessing weapons," as well as prohibitions on carrying "cell phones with cameras"); *see also Smith*, 462 F.3d at 1280-82, 1287-90 (commuting time in company vehicles not compensable even though employees were required to drive safely, to change flat tires as needed, to open and close access gates along the road, to put chains in the vehicles' tires, to push the vehicles out of mud if they got stuck, to discuss work safety issues, and to discuss other work-related matters); *Singh*, 524 F.3d at 365, 367-70 (commuting time not compensable even though employees were required to "carry and keep safe" certain "necessary inspection documents" during their commutes, which documents were stored in secure company briefcases weighing approximately fifteen to twenty pounds).  Thus, Plaintiffs' allegation that they were required to comply with certain safety procedures while commuting does not transform their commuting time into compensable work time.

> **h.    That Plaintiffs spent 1.5 to 2 hours in the company vans each day does not make commuting time compensable.**

Plaintiffs allege that they spent 1.5 to 2 hours in the company vans each day.  *See* Complaint ¶¶ 81, 90-91.  That allegation, however, fails to save Plaintiffs' claim because the length of time an employee spends in a company vehicle cannot transform ordinary commuting time into compensable work time.  *See, e.g., Vega*, 36 F.3d at 423-25 (commuting time in company vehicles not compensable even though the employees spent **four to five hours each day** in the company vehicles; stating:  "The fact that the travel time was so long does not make it compensable under the statute."); *Griffin*, 507 Fed. Appx. at 378-79 (commuting time in

company vehicles not compensable even though it lasted 40 to 60 minutes each day); *Hodge*, 2008 WL 2397674, at *1 (commuting time in company vehicles not compensable even though it lasted 60 minutes each day); *Del Rosario*, 124 F. Supp. 3d at 1303-04 (commuting time in company vehicles not compensable even though it lasted 25 to 40 minutes each day); *see also Smith*, 462 F.3d at 1280-82, 1286-90 (commuting time in company vehicles to remote well sites on four-wheel drive unpaved roads was not compensable).

### i. That Plaintiffs sometimes carried PPE in the company vans does not make commuting time compensable.

Plaintiffs contend that their commuting time was compensable because they were required to carry certain PPE with them in the company vans, including "some or all of the following:  hard hats, metatarsal boots, safety glasses, gloves, and various heat and tear resistant clothing."  *See* Complaint ¶¶ 95, 100.  The law is once again contrary to Plaintiffs' contention. Carrying such PPE does not transform non-compensable commuting time into work time:

> [W]hen an employee's activity "takes all of a few seconds and requires little or no concentration," then the activity is "properly considered not work at all." Moreover, "[r]equiring employees to show up at their work stations with such standard equipment [as a hard hat, safety glasses, earplugs, and safety shoes] is no different from having a baseball player show up in uniform . . . or a judge with a robe.  It is simply a prerequisite for the job, and is purely preliminary in nature.

*Smith*, 462 F.3d at 1289 (initial alteration added; remaining alterations in original); *see id.* at 1281-82, 1285-90 (commuting time in company vehicles not compensable even though employees were required to transport hard hats, gloves, steel toed boots, and "coverall clothing," as well as food and drinks that would be consumed during their shift); *see also Bonilla*, 487 F.3d at 1341, 1342-43 (commuting time in company vehicles not compensable even though employees "were required to carry their personal safety gear on the buses," including "safety goggles, a hard hat, and work boots"); *Singh*, 524 F.3d at 365, 367-70 (commuting time not compensable even though employees were required to carry "necessary inspection documents"

16

stored in secure company briefcases weighing approximately fifteen to twenty pounds, because doing so "presents only a minimal burden on the [employees], permitting them freely to use their commuting time as they otherwise would have").

In short, for all the foregoing reasons, Plaintiffs have failed to present, and cannot present, factual allegations showing a plausible claim that their commuting time was compensable work time. To the contrary, settled law precludes Plaintiffs' claim. ATI submits that Plaintiffs' FLSA claim should be dismissed in its entirety.

### B.  **Plaintiffs' PMWA Claim Fails.**

When the PMWA "substantially parallels" the FLSA, courts look to case law interpreting the FLSA for guidance in interpreting the PMWA because the statutes have similar purposes. *E.g., Espinoza v. Atlas Railroad Construction, LLC*, 657 Fed. Appx. 101, 105 (3d Cir. 2016) (affirming Rule 12 dismissal of putative PMWA class action). The Pennsylvania legislature, however, has not adopted the federal PPA. *See id.* at 104. n.5. Thus, when analyzing whether travel time is compensable, the PMWA and the FLSA differ in certain respects. *Id.* at 105.

In particular, before travel time can be considered compensable under the PMWA, the PMWA contains an additional requirement that is not present in the FLSA: "the travel itself must be part of the duties of the employee." *Id.* at 105 (noting that "[t]his is an additional requirement not included in the FLSA"); *see also* 34 Pa. Code § 231.1 (defining "hours worked" as including "time spent traveling as part of the duties of the employee during normal working hours"). When interpreting that provision of the PMWA, courts require "more than simply driving to or from a work site"; instead, **they require employees to be "performing work-related tasks, aside from travel, during their travel time."** *Espinoza*, 657 Fed. Appx. at 106 (emphasis added); *see also Pennsylvania Federation of the Bhd. of Maintenance of Way Employees v. National Railroad Passenger Corp.*, 989 F.2d 112, 113-14 (3d Cir. 1993)

17

(affirming dismissal and holding that allegations that employees traveling in company vehicles at start and end of their shifts failed to establish that that travel was a duty of their employment; rather, whether travel was such a duty depended on the nature of employees' duties).

> Together, these cases reveal that merely alleging that an employee was required to travel to and from a work site, without more, does not demonstrate that the travel was a duty of the employment for purposes of the PMWA. Put differently, for travel to be considered a duty of employment, it cannot merely be a necessary means of accessing the employee's job; it must, instead, be an integral feature of the job itself.

*Espinoza*, 657 Fed. Appx. at 106-07 (allegations of required travel in company vehicles for long distances before and after employees' work shifts "describe little more than a basic commute; all employees must arrive at their jobs before their shift begins").

In this case, Plaintiffs have failed to present – and cannot present – factual allegations showing a plausible claim that commuting to and from work was a "duty" of their employment under the foregoing law. Instead, Plaintiff have alleged simply that they were required to commute in company vans to and from their work sites each day, which is insufficient under the law to show that that commute was a "duty" of their employment. *See, e.g., Espinoza*, 657 Fed. Appx. at 106-07. Plaintiffs have not alleged – and cannot allege – that they "performed work-related tasks, aside from travel, during their travel time." *See id.* at 106. Indeed, the allegations in the Complaint confirm that they did **not** perform any work-related tasks during their commute. *See id.* at 106-07; *Pennsylvania Federation*, 989 F.2d at 113-14. Even if it was longer or more unpleasant than some other employees' commutes, Plaintiffs' commute to work was not substantively different from any other employees' commute to work under the law. *E.g., Espinoza*, 657 Fed. Appx. at 106-07.

Because Plaintiffs' factual allegations establish that commuting to and from work was not a "duty" of Plaintiffs' employment, Plaintiffs' PMWA claim fails as a matter of law. *See, e.g.,*

*Espinoza*, 657 Fed. Appx. at 106-07 (affirming Rule 12 dismissal of putative PMWA class

action); *see also supra* at 5-17.  Plaintiffs' PMWA claim accordingly should be dismissed.

### C.   Plaintiffs' Unjust Enrichment Claim Fails.

The elements of Plaintiffs' claim for unjust enrichment are (i) benefits conferred on ATI

and Strom by Plaintiffs; (ii) appreciation of those benefits by ATI and Strom; and

(iii) acceptance and retention of those benefits under such circumstances that it would be

inequitable for ATI and Strom to retain them without payment of value.  *E.g., McGuckin v.*

*Brandywine Realty Trust*, 185 F. Supp. 3d 600, 607 (E.D. Pa. 2016) (granting Rule 12 dismissal

of unjust enrichment claim).  The most significant element is whether the alleged enrichment of

ATI and Strom is "unjust."  *E.g., Century Indemnity Co. v. URS Corp.*, No. 08-5006, 2009 WL

2446990, *5-6 (E.D. Pa. Aug. 7, 2009) (granting Rule 12 dismissal of unjust enrichment claim).

Plaintiffs must show that it would be "unconscionable" for ATI and Strom to retain those

benefits without compensating Plaintiffs.  *E.g., Ankerstjerne v. Schlumberger, Ltd.*, 155 Fed.

Appx. 48, 52 (3d Cir. 2005).

In the employment context, Plaintiffs also must allege that they "did more than work to

the best of [their] abilities for defendant as [they] were engaged to do."  *McGuckin*, 185 F. Supp.

3d at 607 (quotations omitted).  Plaintiffs must show that they provided "more than the work

[they were] hired to do."  *Ankerstjerne*, 155 Fed. Appx. at 52.

Plaintiffs cannot state a plausible claim for unjust enrichment.  Their claim is nothing but

a claim that ATI and Strom failed to compensate them for their commuting time, which Plaintiffs

claim was "required by law."  *See* Complaint ¶¶ 151-53.  However, as set forth elsewhere in this

Brief, both federal and state law provide that Plaintiffs' commuting time was **not** compensable.

Thus, where Congress, the Pennsylvania legislature, and the courts have determined that, as a

matter of law, Plaintiffs' commuting time was not compensable, Plaintiffs cannot plausibly claim

that complying with that law is somehow "unjust" and "unconscionable."  *See, e.g., Century Indemnity*, 2009 WL 2446990, at *6, 10.  Indeed, Plaintiffs freely admit they were hired to replace union workers during a work stoppage and were paid "relatively high hourly wages" to do so, *see* Complaint ¶¶ 60, 151, thus confirming that, by commuting across picket lines, they did **not** provide "**more** than the work [they were] hired to do," but precisely the work they were hired and well-compensated to perform.  *Ankerstjerne*, 155 Fed. Appx. at 52 (emphasis added).

Plaintiffs' claim also fails because Plaintiffs already have an adequate remedy at law – if they believe they are owed compensation for their commuting time under the FLSA, the PMWA, and the OMWS, their remedy is under those statutes.  As set forth in this Brief, Plaintiffs cannot state a plausible claim under any of those statutes.  *See Century Indemnity*, 2009 WL 2446990, at *10-11 (stating that, "if an adequate remedy at law exists, equitable relief will not be granted"); *see also id.* at *5 ("[T]he finding of a valid contract prevents a party from recovering for unjust enrichment.").  In short, Plaintiffs' unjust enrichment claim fails as a matter of law.

**D.    Plaintiffs' OMWS Claim Fails.**

Oregon has adopted specific regulations addressing whether and under what circumstances travel time is compensable under the OMWS.  *See* Or. Admin. R. 839-020-0045 ("Travel Time"); *see also* Or. Rev. Stat. § 653.261(1); Or. Admin. R. 839-020-0030.  Those regulations are virtually identical to the FLSA and PPA text and regulations, including that travel time between home and workplace is "ordinary home to work travel" and is "not work time":

> An employee who travels from home before the employee's regular workday and returns home at the end of the workday is engaged in ordinary home to work travel which is a normal incident of employment, whether the employee works at a fixed location or at different job sites.  Normal travel from home to work is not work time.

Or. Admin. R. 839-020-0045(1); *see also* Or. Admin. R. 839-020-0045(5) ("Time that is spent in travel away from home outside of regular work hours as a passenger on an airplane, train,

boat, bus, or automobile is not considered work time."); *see* 29 U.S.C. § 254(a); 29 C.F.R.

§ 790.7(f); 29 C.F.R. § 785.35.

Further similar to the federal FLSA and PPA, the Oregon regulations provide that, for

travel time to be considered compensable work time, the traveling must be a "principal activity"

of the employee's employment.  Or. Admin. R. 839-020-0045(3); *see* 29 U.S.C. § 254(a);

29 C.F.R. § 790.7(f).

Because the OMWS was modeled after federal law and incorporates virtually identical

language, "courts should look to federal law in interpreting and applying Oregon's minimum

wage laws."  *E.g., Hurst v. First Student, Inc.*, 181 F. Supp. 3d 827, 836 (D. Or. 2016).

Accordingly, for all the reasons set forth above, Plaintiffs have failed to state any

plausible claim that commuting to work was their "principal activity," or was "integral and

indispensable" to any principal activity, or otherwise was compensable work time.  To the

contrary, Plaintiffs' allegations establish that their commuting time was "ordinary home to work

travel" that was "a normal incident of employment" and therefore was "not work time."  *See* Or.

Admin. R. 839-020-0045(1); *see also* authorities *supra* at 3-17.  Plaintiff's OMWS claim

accordingly should be dismissed as a matter of law.

## IV.  <u>CONCLUSION</u>

Plaintiffs' claims are fundamentally flawed and are contrary to law.  Try as they might,

Plaintiffs cannot transform their ordinary commuting time into compensable work time, which is

entirely precluded by the PPA, settled case law, and state law.  No legal authority supports their

claims.  ATI respectfully submits that Plaintiffs have failed to state any claim as a matter of law

and that the Complaint should be dismissed in its entirety, with prejudice.

Respectfully submitted,

s/ David J. Kolesar
David J. Kolesar (PA70439)
Ali J. Parker (PA318607)
K&L Gates LLP
K&L Gates Center
210 Sixth Avenue
Pittsburgh, Pennsylvania 15222-2613
Tel:  412-355-6500
Fax:  412-355-6501
Email:  david.kolesar@klgates.com
Email:  ali.parker@klgates.com

Counsel for Defendant
Dated:  August 3, 2017          Allegheny Technologies Incorporated

22

## CERTIFICATE OF SERVICE

I certify that on August 3, 2017, I filed the attached document with the court's ECF system, such that the following Plaintiff's counsel should receive service automatically via electronic mail:

Shanon J. Carson, Esquire
Sarah R. Schalman-Bergen, Esquire
Michaela Wallin, Esquire
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, Pennsylvania 19103
scarson@bm.net
sschalman-bergen@bm.net
mwallin@bm.net

Michael K. Yarnoff, Esquire
Kehoe Law Firm
Two Penn Center Plaza
1500 JFK Boulevard, Suite 1020
Philadelphia, Pennsylvania 19102
myarnoff@kehoelawfirm.com

s/ David J. Kolesar