IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RALPH SMITH and IGNATIUS HARRIS, individually and on behalf of all others similarly situated, | ) ) ) ) | Civil Action No. 17-911 |
| Plaintiffs, | ) ) | |
| v. | ) ) | District Judge Mark R. Hornak Magistrate Judge Robert C. Mitchell |
| ALLEGHENY TECHNOLOGIES, INC. and STROM ENGINEERING CORPORATION, | ) ) ) | |
| Defendants. | ) ) ) | Electronically Filed |

**DEFENDANT ALLEGHENY TECHNOLOGIES INCORPORATED'S
BRIEF IN OPPOSITION TO
PLAINTIFFS' MOTION FOR EQUITABLE TOLLING**

David J. Kolesar (PA70439)
Ali J. Parker (PA318607)
K&L Gates LLP
K&L Gates Center
210 Sixth Avenue
Pittsburgh, Pennsylvania 15222-2613
Tel:  412-355-6500
Fax:  412-355-6501
Email:  david.kolesar@klgates.com
Email:  ali.parker@klgates.com

Counsel for Defendant
Allegheny Technologies Incorporated

Dated:  January 26, 2018

## TABLE OF CONTENTS

I.      INTRODUCTION ........................................................................................................ 1

II.     PROCEDURAL HISTORY......................................................................................... 1

III.    ARGUMENT .............................................................................................................. 2

        A.      Congress Intended The FLSA's Limitations Period To Continue To Run On
                Potential Opt-In Plaintiffs' Claims Unless And Until Those Individuals File
                Their Written Consents To Join The Litigation...................................................... 2

        B.      Equitable Tolling Is A Remedy Reserved For "Extraordinary Circumstances"
                And Should Be Applied "Only Sparingly."............................................................ 2

        C.      Plaintiffs Have Not Identified Any "Extraordinary Circumstances" That Would
                Justify Their Request For Equitable Tolling In This Case, And There Are No
                Such "Extraordinary Circumstances." .................................................................... 3

IV.     CONCLUSION.......................................................................................................... 15

## <u>TABLE OF AUTHORITIES</u>

**Cases**                                                                                           **Page(s)**

*Adams v. Tyson Foods, Inc.*,
    No. 07-4019, 2007 WL 1539325 (W.D. Ark. May 25, 2007) ................................................10

*Antonio-Morales v. Bimbo's Best Produce, Inc.*,
    No. 08-5105, 2009 WL 1591172 (E.D. La. Apr. 20, 2009)....................................................11

*Santos ex rel. Beato v. United States*,
    559 F.3d 189 (3d Cir. 2009)...................................................................................................3

*Beauperthuy v. 24 Hour Fitness USA, Inc.*,
    No. 06-715, 2007 WL 707475 (N.D. Cal. Mar. 6, 2007) ....................................................11

*Bergman v. Kindred Healthcare, Inc.*,
    949 F. Supp. 2d 852 (N.D. Ill. 2013) ................................................................................12, 13

*Bitner v. Wyndham Vacation Resorts, Inc.*,
    301 F.R.D. 354 (W.D. Wis. 2014) .....................................................................................8, 15

*Bosley v. Chubb Corp.*,
    No. 04-4598, 2007 WL 9604965 (E.D. Pa. Feb. 20, 2007) ..................................................14

*Cortez v. Medina's Landscaping*,
    No. 00-6320, 2002 WL 31175471 (N.D. Ill. Sept. 30, 2002) ...............................................11

*DePalma v. Scotts Co., LLC*,
    No. 13-7740, 2017 WL 1243134 (D.N.J. Jan. 20, 2017)......................................................13

*Garrison v. ConAgra Foods Packaged Food, LLC*,
    No. 12-737, 2013 WL 1247649 (E.D. Ark. Mar. 27, 2013) ................................................6, 8

*Helton v. Factor 5, Inc.*,
    No. 10-4927, 2011 WL 5925078 (N.D. Cal. Nov. 22, 2011) ................................................11

*Hintergerger v. Catholic Health System*,
    No. 08-380, 2009 WL 3464134 (W.D.N.Y. Oct. 21, 2009) ...............................................9, 15

*Holland v. Florida*,
    560 U.S. 631 (2010)..............................................................................................................12

*LaFleur v. Dollar Tree Stores, Inc.*,
    No. 12-363, 2012 WL 4739534 (E.D. Va. Oct. 2, 2012).................................................4, 5, 9

*Longcrier v. HL-A Co.*,
    595 F. Supp. 2d 1218 (S.D. Ala. 2008).............................................................................6, 9

*Love v. Phillips Oil, Inc.*,
 No. 08-92, 2008 WL 515677 (N.D. Fla. Dec. 9, 2008) .........................................................15

*Miller v. SmithKline Beecham Corp.*,
 769 F.3d 204 (3d Cir. 2014)...............................................................................................4

*Muhammad v. GBJ, Inc.*,
 No. 10-2816, 2011 WL 863785 (S.D. Tex. Mar. 9, 2011) ...................................................5, 9

*Noble v. Serco, Inc.*,
 No. 08-76, 2009 WL 3254143 (E.D. Ky. Oct. 7, 2009) ...................................................5, 9, 10

*Ornelas v. Hooper Holmes, Inc.*,
 No. 12-3106, 2014 WL 7051868 (D.N.J. Dec. 12, 2014)...................................................14

*Perez v. Comcast*,
 No. 10-1127, 2011 WL 5979769 (N.D. Ill. Nov. 29, 2011) ...................................................10

*Podobnik v. United States Postal Serv.*,
 409 F.3d 584 (3d Cir. 2005)...........................................................................................3, 4, 15

*Ruffin v. Entertainment of the Eastern Panhandle*,
 No. 3-19, 2012 WL 28192 (N.D. W.Va. Jan. 5, 2012).........................................................11

*School Dist. v. Marshall*,
 657 F.2d 16 (3d Cir. 1981)...........................................................................................3, 4, 6

*Sistrunk v. Rozum*,
 674 F.3d 181 (3d Cir. 2012)...........................................................................................2, 3, 4, 15

*Stickle v. SCI Western Market Support Center, L.P.*,
 No. 08-83, 2008 WL 4446539 (D. Ariz. Sept. 29, 2008) .......................................................11

*Sylvester v. Wintrust Fin. Corp.*,
 No. 12-1899, 2014 WL 10416989 (N.D. Ill. Sept. 26, 2014) ......................................... *passim*

*Tidd v. Adecco USA, Inc.*,
 No. 07-11214, 2008 WL 4286512 (D. Mass. Sept. 17, 2008)...............................................6, 9

*Titchenell v. Apria Healthcare, Inc.*,
 No. 11-563, 2012 WL 3731341 (E.D. Pa. Aug. 29, 2012) ........................................... *passim*

*Tompkins v. Farmers Ins. Exchange*,
 No. 14-3737, 2015 WL 4931605 (E.D. Pa. Aug. 18, 2015) .....................................................8

*Vargas v. General Nutrition Centers, Inc.*,
 No. 10-867, 2012 WL 5336166 (W.D. Pa. Oct. 26, 2012).............................................. *passim*

*Woodard v. FedEx Freight East, Inc.*,
  250 F.R.D. 178 (M.D. Pa. 2008)............................................................................2, 5, 9

*Yahraes v. Restaurant Assocs. Events Corp.*,
  No. 10-935, 2011 WL 844963 (E.D.N.Y. Mar. 8, 2011).........................................11

**Statutes**

29 U.S.C. § 256...............................................................................................................2, 5, 6

**Other Authorities**

Rule 12....................................................................................................................... *passim*

Rule 30(b)(6)........................................................................................................................12

## I.  INTRODUCTION

Defendant Allegheny Technologies Incorporated ("ATI") opposes Plaintiffs' Motion for Equitable Tolling (Doc. 50).  Equitable tolling is an extraordinary remedy that should be used "only sparingly."  Plaintiffs' motion fails to identify any extraordinary circumstances that would justify equitable tolling, and there are none.  Instead, Plaintiffs point to a limited number of ordinary aspects of litigation, which fail to justify equitable tolling under the law.  Plaintiffs' request for equitable tolling has no basis in law or fact, is contrary to both, and should be denied.

## II.  PROCEDURAL HISTORY

Plaintiffs filed their Complaint in this case on July 10, 2017, approximately one month before the two-year limitations period under the FLSA began to expire for opt-in plaintiffs.  *See* Complaint ¶¶ 3-5 (alleging they began employment with Strom on or about August 15, 2015).

On August 2, 2017, Plaintiffs filed a motion for conditional certification.  Doc. 11.  That motion was fully briefed on September 7, 2017.  *See* Docs. 33, 34, 40.  On August 3, 2017, ATI filed a motion to dismiss Plaintiffs' Complaint (Docs. 13-14), and Strom filed a motion to strike (Docs. 15-16).  Those motions also were fully briefed on September 7, 2017.  *See* Docs. 38, 39.

After only 2-1/2 months, on November 27, 2017, the Magistrate Judge issued a Report and Recommendation ("Report") as to the foregoing motions, recommending that Plaintiffs' conditional certification motion be granted, that ATI's motion to dismiss be denied, and that Strom's motion to strike be denied.  *See* Doc. 46.  For various substantive and meritorious reasons, ATI and Strom filed objections to the Report on December 11, 2017, the date prescribed for such objections under the applicable rules and Court Order.  *See* Docs. 46, 47, 48.

On December 26, 2017, Plaintiffs filed their Motion for Equitable Tolling, urging the Court to toll the applicable limitations period for potential opt-in plaintiffs as of August 2, 2017, the date they filed their conditional certification motion.  *See* Doc. 50.

### III. ARGUMENT

**A. Congress Intended The FLSA's Limitations Period To Continue To Run On Potential Opt-In Plaintiffs' Claims Unless And Until Those Individuals File Their Written Consents To Join The Litigation.**

In determining when an FLSA collective action commences, Congress drafted the FLSA to differentiate between named plaintiffs and opt-in plaintiffs. *See, e.g.*, 29 U.S.C. § 256. For named plaintiffs, the action commences – and the limitations period accordingly is tolled – on the date they file their complaint. *Id.* For potential opt-in plaintiffs, however, Congress provided that the action does not commence – and the limitations period accordingly is **not** tolled – until the various dates on which they file their written consents to join the litigation. *Id.* Moreover, those written consents do not relate back to the filing date of the complaint. *E.g., Vargas v. General Nutrition Centers, Inc.*, No. 10-867, 2012 WL 5336166, *4 (W.D. Pa. Oct. 26, 2012); *see also Woodard v. FedEx Freight East, Inc.*, 250 F.R.D. 178, 194 (M.D. Pa. 2008); *Sylvester v. Wintrust Fin. Corp.*, No. 12-1899, 2014 WL 10416989, *3 (N.D. Ill. Sept. 26, 2014).

The only way to overcome the Congressional intent embodied in the FLSA's limitations period is for a plaintiff to meet the "high standard" of the doctrine of equitable tolling. *See Sistrunk v. Rozum*, 674 F.3d 181, 190 (3d Cir. 2012); *see also Vargas*, 2012 WL 5336166, at *4-5 (denying equitable tolling in FLSA collective action); *Woodard*, 250 F.R.D. at 194 (stating that courts "must be cautious about tolling the FLSA limitations period" in light of Congress' intent not to provide tolling for opt-in plaintiffs, and denying equitable tolling).

**B. Equitable Tolling Is A Remedy Reserved For "Extraordinary Circumstances" And Should Be Applied "Only Sparingly."**

The Third Circuit has identified "three principal situations in which equitable tolling is appropriate":

(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action, and that deception causes non-compliance with an applicable

limitations provision; (2) where the plaintiff in some extraordinary way has been prevented from asserting his rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum.

*Podobnik v. United States Postal Serv.*, 409 F.3d 584, 591 (3d Cir. 2005) (refusing to apply equitable tolling); *see also Sistrunk*, 674 F.3d at 189-92 (refusing to apply equitable tolling).

Further, the Third Circuit repeatedly has cautioned that equitable tolling is to be applied "only sparingly" and must be reserved for "rare situations" that are truly "exceptional" and "extraordinary." *E.g., Sistrunk*, 674 F.3d at 190 (denying equitable tolling); *Podobnik*, 409 F.3d at 591-93 (same); *School Dist. v. Marshall*, 657 F.2d 16, 19-21 (3d Cir. 1981) (same); *see also Santos ex rel. Beato v. United States*, 559 F.3d 189, 197 (3d Cir. 2009); *Vargas*, 2012 WL 5336166, at *5 ("The remedy of equitable tolling is extraordinary, and we extend it 'only sparingly.'") (citations omitted). The Third Circuit applies "a high standard for 'extraordinary circumstances'" that justify equitable tolling. *Sistrunk*, 674 at 190; *see also Podobnik*, 409 F.3d at 591; *Vargas*, 2012 WL 5336166, at *5-9. Plaintiffs bear the burden of meeting that "high standard." *Id.* According to the Third Circuit: "**The restrictions on equitable tolling [] must be scrupulously observed.**" *Marshall*, 657 F.2d at 19 (emphasis added).

C.   **Plaintiffs Have Not Identified Any "Extraordinary Circumstances" That Would Justify Their Request For Equitable Tolling In This Case, And There Are No Such "Extraordinary Circumstances."**

The various assertions in Plaintiffs' brief can be categorized into three basic contentions for why Plaintiffs believe they are entitled to tolling:

1.   The FLSA limitations period continues to run on potential opt-in plaintiffs' claims, and eventually might expire. Pl. Br. 1, 4-6, 9-10.

2.   The Court has "delayed" ruling on their conditional certification motion from September 7, 2017 to the present (a period of 4-1/2 months). Pl. Br. 1-6, 8-10.

3.   Defendants filed a motion to dismiss, a motion to strike, and objections to the Report, and did not voluntarily agree to equitable tolling when asked to do so by Plaintiffs. Pl. Br. 1-6, 8-10.

None of Plaintiffs' contentions has merit.  Under Third Circuit law, neither the running of the FLSA limitations period on opt-in plaintiffs, nor the pendency of a conditional certification motion, nor the filing of Rule 12 motions or other routine court papers by Defendants, constitutes "extraordinary circumstances" sufficient to justify equitable tolling, whether considered individually or collectively.[1]  In short, Plaintiffs simply have not identified any "extraordinary circumstances" that would justify equitable tolling under the law, and there are none.

As an initial matter, Plaintiffs' contention that, on its own, the running of the limitations period on opt-in plaintiffs justifies equitable tolling (*e.g.*, Pl. Br. 5-6, 9-10) is manifestly contrary to law.  The running of the FLSA limitations period on opt-in plaintiffs "is not an 'extraordinary circumstance' but is rather a reflection of Congress' intent with respect to the FLSA." *LaFleur v. Dollar Tree Stores, Inc.*, No. 12-363, 2012 WL 4739534, *6 (E.D. Va. Oct. 2, 2012) (denying equitable tolling).  That result is no different even though, as Plaintiffs claim (Pl. Br. 6), the running of the limitations period occurs "through no fault of their own." *Titchenell v. Apria Healthcare, Inc.*, No. 11-563, 2012 WL 3731341, *6-7 (E.D. Pa. Aug. 29, 2012).

As the Third Circuit emphatically stated, courts "may not read the clear [limitations period] terms out of the statute" "simply because they bar what may be an otherwise meritorious claim." *Marshall*, 657 F.2d at 20-21 (denying equitable tolling); *cf. Miller v. SmithKline Beecham Corp.*, 769 F.3d 204, 213 (3d Cir. 2014) (stating that "[a] circumstance expressly 'contemplate[d]' by the statutory scheme is not extraordinary, but is expected," and denying equitable tolling).  Following the Third Circuit's guidance, the District Court for the Middle

---

[1]  Plaintiffs do not contend (nor could they) that Defendants actively misled the potential opt-in plaintiffs in any way, or that the opt-in plaintiffs timely asserted their claims in the wrong forum; thus, Plaintiffs must satisfy the "high standard" of proving "extraordinary circumstances" that justify equitable tolling. *See Sistrunk*, 674 at 190; *Podobnik*, 409 F.3d at 591.

District of Pennsylvania rejected the contention that equitable tolling was justified because the rights of potential opt-in plaintiffs would otherwise be prejudiced, stating:

> In this regard, Congress knew when it enacted 29 U.S.C. § 256 that time would lapse between the filing of the collective action complaint by the named plaintiff and the filing of written consents by the opt-in plaintiffs, yet it chose not to provide for tolling of the limitations period. **As such, courts must be cautious about equitably tolling the FLSA limitations period especially where, as here, there are no allegations of wrongdoing on the part of the defendant.**

*Woodard*, 250 F.R.D. at 94 (citations omitted) (emphasis added); *see also Sylvester*, 2014 WL 10416989, at *3 ("Unquestionably, FLSA claims are vulnerable to the running statute of limitations but that is because Congress has not seen fit to toll the statute of limitations for putative collective members after the filing of a putative collective action."); *LaFleur*, 2012 WL 4739534, at *6 ("The fact that a statute creates procedural requirements that limit some potential claimants' participation in a suit, standing alone, is insufficient to toll the statute of limitations.") (citation omitted); *see also Titchenell*, 2012 WL 3731341, at *6-7 (rejecting plaintiff's claim that potential opt-in plaintiffs, whose claims had completely expired, "have been deprived in an extraordinary way of their ability to assert their rights" "through no fault of their own," and stating that "[t]hese general assertions are not the extraordinary circumstances that justify equitable tolling") (citations omitted); *Muhammad v. GBJ, Inc.*, No. 10-2816, 2011 WL 863785, *2 (S.D. Tex. Mar. 9, 2011) (denying equitable tolling and noting the "specific legislative intent" that "Congress did not provide for tolling" for opt-in plaintiffs, and that tolling applies "only in 'rare and exceptional circumstances'"); *Noble v. Serco, Inc.*, No. 08-76, 2009 WL 3254143, *2 (E.D. Ky. Oct. 7, 2009) ("Congress contemplated a gap between the time a collective action is initiated and the time the statute of limitations is tolled by the filing of an opt-in consent.").

Under the weight of the foregoing authorities, Plaintiffs' contention that equitable tolling is warranted because "the statue of limitations continues to run on potential opt-in plaintiffs'

claims" (Pl. Br. 5) simply collapses.  Indeed, if the mere fact that the limitations period continues

to run on potential opt-in plaintiffs' claims were sufficient to justify equitable tolling (which it is

not), then equitable tolling would be proper in every FLSA collective action.  *See* 29 U.S.C.

§ 256.  Such a state of affairs would transform the "extraordinary" remedy of equitable tolling

into a "routine, automatic one," which is contrary to law.  *See, e.g., Sylvester*, 2014 WL

10416989, at *2 (denying equitable tolling in FLSA collective action); *Garrison v. ConAgra

Foods Packaged Food, LLC*, No. 12-737, 2013 WL 1247649, *5 (E.D. Ark. Mar. 27, 2013)

(same); *Longcrier v. HL-A Co.*, 595 F. Supp. 2d 1218, 1244 (S.D. Ala. 2008) (same); *Tidd v.

Adecco USA, Inc.*, No. 07-11214, 2008 WL 4286512, *5 (D. Mass. Sept. 17, 2008) (same).

Simply put, the fact that the limitations period continues to run, even to the point of eliminating

certain opt-in plaintiffs' claims, is not an "extraordinary circumstance" justifying tolling.[2]

The other circumstances recited by Plaintiffs fail to change that result.  Neither the

so-called "delay" of 4-1/2 months in ruling on Plaintiffs' certification motion nor the filing of

Rule 12 motions or objections to the Report constitutes an "extraordinary circumstance"

justifying equitable tolling.  Rather, they are ordinary aspects of litigation that do not warrant

tolling under the law.  Indeed, the circumstances recited by Plaintiffs pale in comparison to those

routinely found by courts **not** to be sufficiently "extraordinary" to justify equitable tolling.

For example, in *Vargas*, Judge McVerry was asked to decide whether equitable tolling

should apply to an FLSA collective action that had been beset by numerous and substantial

litigation delays, including:  (i) the case had been pending for more than two years; (ii) the

---

[2]  Plaintiffs' suggestion that equitable tolling is justified because Defendants allegedly will not be
prejudiced (Pl. Br. 10) is also contrary to law.  According to the Third Circuit, "prejudice to [a]
defendant, or lack of it, is simply irrelevant" in determining whether equitable tolling applies,
and courts "err[] in making lack of prejudice to the [defendant] a determining factor in
permitting a late filing."  *Marshall*, 657 F.2d at 20.

defendant had moved to dismiss only part of the first amended complaint, resulting in "six months of non-dispositive Rule 12 motion practice;" (iii) after the resolution of that Rule 12 motion, the parties engaged in **four months** of discovery, after which the plaintiffs filed their conditional certification motion; (iv) the plaintiffs later filed a second amended complaint, which the defendant again moved to dismiss; (v) the Court later granted in part the conditional certification motion **eleven months after it was filed**; and (vi) the parties continued to disagree on the contents and scope of the proposed notice for **two more months**.  The plaintiffs sought equitable tolling for a period of fifteen months.  *Vargas*, 2012 WL 5336166, at *2-4.

Despite those "somewhat significant delays throughout the litigation," and despite the plaintiffs' protestations that they had pursued their claims diligently, Judge McVerry held that there were "no extraordinary circumstances" that justified equitable tolling.  *Id.* at *7-8.  Rather, the delays were merely routine "litigation delays" that occur in every piece of litigation, and were "certainly not extraordinary."  *Id.*  Judge McVerry engaged in a thorough analysis of the case law addressing the issue and determined that "the circumstances cited by and the reasoning relied upon by Plaintiffs are not substantially different from other FLSA cases where courts have declined to impose this extraordinary remedy."  *Id.* (citing and discussing extensive case law).

*Titchenell* is another decision in which a District Court applied the Third Circuit's high standard for equitable tolling in an FLSA collective action.  Despite the fact that the limitations period had expired for an entire category of potential opt-in plaintiffs because the defendant had not disclosed their existence during a discovery period prior to conditional certification, and despite the plaintiff's plea that their rights had therefore been deprived "in an extraordinary way" and "through no fault of their own," (*see* Pl. Br. 5-6), the court held that those were "not the extraordinary circumstances that justify equitable tolling."  *Titchenell*, 2012 WL 3731341, at *7. Instead, the court held that those circumstances amounted to nothing but "the average case in

7

which the delay [in potential opt-in plaintiffs receiving notice] is attributable to the normal litigation process." *Id.* (citing authorities); *see also Tompkins v. Farmers Ins. Exchange*, No. 14-3737, 2015 WL 4931605, *2, 6-7 (E.D. Pa. Aug. 18, 2015) (denying equitable tolling because **7-month delay** in ruling on certification motion was a "normal litigation process" and "there are no extraordinary circumstances that justify equitable tolling").

Many decisions from other jurisdictions reach similar conclusions.  In *Sylvester*, the plaintiffs sought equitable tolling for the **6-1/2 months** their conditional certification motion was pending so that the potential opt-in plaintiffs' rights would not be prejudiced.  The court, however, denied equitable tolling and stated that to hold otherwise would transform equitable tolling from an "extraordinary" remedy into a "routine, automatic" one:

> As an initial matter, that a court may take months to rule on a fully briefed motion is (unfortunately) not extraordinary; it is, rather, the predictable and common consequence of crowded court dockets generally and the particular circumstances of any particular judge's docket specifically.  Moreover, and putting aside potential differences in the complexity of such motions, clearly *some* period of time must be considered normal, rather than extraordinary, for a court to address a conditional certification motion.  "[T]here is nothing extraordinary about a motion for conditional certification and the delay in notice while that motion is pending[.]" . . .  To hold otherwise would be to opine that equitable tolling should be granted in every § 216(b) case as a matter of course during the pendency of a conditional class certification request, thereby transforming this extraordinary remedy into a routine, automatic one.

*Sylvester*, 2014 WL 10416989, at *2-4 (citation omitted); *see also Bitner v. Wyndham Vacation Resorts, Inc.*, 301 F.R.D. 354, 363-64 (W.D. Wis. 2014) (denying equitable tolling in FLSA collective action:  "[w]hile a delay of seven months [in ruling on conditional certification motion] is not ideal, it does not appear to constitute an **extraordinary** circumstance") (emphasis in original); *Garrison*, 2013 WL 1247649, at *4-5 (denying equitable tolling during pendency of conditional certification motion and stating that "there is nothing extraordinary about a motion for conditional certification and the delay in notice while that motion is pending").

In *Tidd v. Adecco USA, Inc.*, No. 07-11214, 2008 WL 4286512 (D. Mass. Sept. 17, 2008), the court also addressed a motion for equitable tolling for the pendency of the plaintiffs' conditional certification motion. Despite the fact that the defendant had filed a motion to dismiss, and the parties subsequently had filed a variety of substantive and procedural motions that took **more than seven months** to resolve, the court held equitable tolling inappropriate:

> The plaintiffs have not alleged any extraordinary circumstance to warrant equitable tolling nor have they pointed to any wrongdoing by the defendants that would justify a tolling order. Indeed, the circumstances of this case are not substantially different from other FLSA cases, and acceptance of the plaintiffs' argument would essentially mean that equitable tolling should occur in every FLSA collective action, changing the principle of equitable tolling from the exception to the norm.

*Id.* at *5; *see also Noble*, 2009 WL 3254143, at *4 (denying equitable tolling in FLSA collective action and stating that defendant's filing of motion to dismiss and motion to stay pending its resolution "do[] not make this an extraordinary case"); *Hintergerger v. Catholic Health System*, No. 08-380, 2009 WL 3464134, *15 (W.D.N.Y. Oct. 21, 2009) (despite **one-year delay** in ruling on conditional certification and motion to dismiss, denying equitable tolling: "the time for consideration of the conditional certification and related motions is reflective of an increasing caseload in this District and does not constitute an extraordinary circumstance for tolling purposes"); *Muhammad*, 2011 WL 863785, at *2 (no equitable tolling during pendency of conditional certification motion, even when period of discovery was required); *Longcrier*, 595 F. Supp. 2d at 1243-44 (no equitable tolling during pendency of conditional certification motion).

Other authorities holding that the filing of motions to dismiss or other court papers do not constitute "extraordinary circumstances" justifying equitable tolling include the following: *Woodard*, 250 F.R.D. at 192-93 (no equitable tolling despite filing of Rule 12 motion); *LaFleur*, 2012 WL 4739534, at *5-7 (no equitable tolling despite motion to transfer venue and motion to dismiss causing **over 10-month delay**; stating "filing motions common to the litigation process

9

in order to exercise particular rights and privileges under the Federal Rules of Civil Procedure and relevant federal statutes does not constitute per se misconduct by a defendant for the purposes of equitable tolling," and "[a] motion to dismiss is not out of the ordinary"); *Perez v. Comcast*, No. 10-1127, 2011 WL 5979769, *2-4 (N.D. Ill. Nov. 29, 2011) (no equitable tolling despite motion to dismiss and the fact that the court had sua sponte stayed the litigation pending preliminary approval of a settlement in a related case); *Noble*, 2009 WL 3254143, at *4 (no equitable tolling despite motion to dismiss and motion to stay:  "There is nothing extraordinary about the way this litigation has proceeded.").

As the foregoing authorities make clear, neither the pendency of Plaintiffs' conditional certification motion for 4-1/2 months, nor the filing of a motion to dismiss, a motion to stay, or objections to the Report, nor the fact that potential opt-in plaintiffs' claims might expire, constitute "extraordinary circumstances" for purposes of equitable tolling.  Rather, they are simply part of the "normal litigation process" that is common to every FLSA action.  In short, Plaintiffs have not identified any extraordinary circumstances to justify equitable tolling, but only routine, ordinary litigation.  Equitable tolling accordingly is not proper.

In stark contrast with the foregoing authorities, the courts that have applied equitable tolling in FLSA collective actions have done so in situations that are far different from anything that exists in this case, and when truly "extraordinary" circumstances exist, as recognized by the courts in, for example, *Vargas*, 2012 2012 WL 5336166, at *8-9, *Titchenell*, 2012 WL 3731341, at *7, and *Sylvester*, 2014 WL 10416989, at *2, each of which distinguished cases relied on by Plaintiffs in this case.  By way of example only, courts have applied equitable tolling in FLSA collective actions when the action was stayed pending a decision by the Judicial Panel on Multidistrict Litigation, *see Adams v. Tyson Foods, Inc.*, No. 07-4019, 2007 WL 1539325, *1-2 (W.D. Ark. May 25, 2007) (cited at Pl. Br. 8 n.1); and when the Department of Justice filed a

10

motion to intervene and a motion to stay pending a related criminal investigation, *see Antonio-Morales v. Bimbo's Best Produce, Inc.*, No. 08-5105, 2009 WL 1591172, *1-2 (E.D. La. Apr. 20, 2009) (cited at Pl. Br. 8 n.1); and when a setoff issue potentially impacted the viability of the plaintiff's FLSA claim and required summary judgment briefing before conditional certification could be resolved, *see Ruffin v. Entertainment of the Eastern Panhandle*, No. 3-19, 2012 WL 28192, *1-3 (N.D. W.Va. Jan. 5, 2012) (cited at Pl. Br. 8 n.1); and when the court stayed the action for over eight months and ordered mandatory settlement discussions, which resulted in delaying the plaintiffs' conditional certification motion for eleven months, *see Helton v. Factor 5, Inc.*, No. 10-4927, 2011 WL 5925078, *1-3 (N.D. Cal. Nov. 22, 2011) (cited at Pl. Br. 8 n.1); and when the employer failed in its statutory duty to post the required FLSA notice in the workplace, *see Cortez v. Medina's Landscaping*, No. 00-6320, 2002 WL 31175471, *5-6 (N.D. Ill. Sept. 30, 2002) (cited at Pl. Br. 8 n.1); and when "competition" between plaintiffs' attorneys in two different actions and "the vagaries of the process" by which the other action was settled would have resulted in various opt-in plaintiffs having limitations periods that differed by five years, *see Beauperthuy v. 24 Hour Fitness USA, Inc.*, No. 06-715, 2007 WL 707475, *8 (N.D. Cal. Mar. 6, 2007) (cited at Pl. Br. 8 n.1); and when the court denied without prejudice (i.e., effectively stayed) the plaintiffs' conditional certification motion until the parties briefed and the court decided the defendant's motion to dismiss, *see Stickle v. SCI Western Market Support Center, L.P.*, No. 08-83, 2008 WL 4446539 (D. Ariz. Sept. 29, 2008) (cited at Pl. Br. 6); and when the court previously had stayed proceedings for five months, causing the plaintiffs to have to re-brief their conditional certification motion after the stay was lifted, and when the defendant engaged in misconduct by, for example, failing to produce relevant documents, *see Yahraes v. Restaurant Assocs. Events Corp.*, No. 10-935, 2011 WL 844963, *2-3 (E.D.N.Y.

11

Mar. 8, 2011) (cited at Pl. Br. 8); and when the case involved egregious attorney misconduct that prejudiced his client, *see Holland v. Florida*, 560 U.S. 631, 649-54 (2010) (cited at Pl. Br. 4, 5).

None of the "extraordinary" circumstances that justified equitable tolling in the foregoing decisions exists in this case.  Each of those decisions accordingly is inapposite, and Plaintiffs' reliance on them is misplaced.  *See also Vargas*, 2012 2012 WL 5336166, at *8-9.

Plaintiffs also cite a small number of other FLSA collective action cases in which equitable tolling was granted after extraordinarily lengthy periods of delay – periods that were far longer than the 4-1/2 months that have elapsed in this case.  Moreover, those cases often involved other circumstances that made them "extraordinary" in ways not present in this case.

For example, Plaintiffs cite *Bergman v. Kindred Healthcare, Inc.*, 949 F. Supp. 2d 852 (N.D. Ill. 2013), for the proposition that a "long delay in issuing a ruling" can be an "extraordinary circumstance" justifying equitable tolling.  *See* Pl. Br. 8.  What Plaintiffs fail to mention is that the "excessive delay" found to be "extraordinary" in *Bergman* was that the court failed to rule on the plaintiffs' conditional certification motion for **two years after it was fully briefed**, from June 30, 2011 to June 11, 2013.  *Id.* at 860-61.  In this case, by contrast, only 4-1/2 months have elapsed since Plaintiffs' conditional certification motion has been fully briefed.

Moreover, the delay in *Bergman* was further exacerbated by other circumstances taking place prior to the filing of that motion, including:  (i) after the plaintiffs filed their original complaint, two other FLSA actions were consolidated with it, including one from another jurisdiction; (ii) two amended complaints were subsequently filed; (iii) an eleven-month discovery period took place prior to conditional certification, which included the plaintiffs taking three Rule 30(b)(6) depositions and issuing two sets of interrogatories and document requests and the defendant producing over 5,800 pages of documents; (iii) the discovery period was extended three times; (iv) the defendant submitted thirty-four declarations; (v) the parties

12

submitted opposing charts analyzing the information gathered; (vi) the parties' submissions were "accompanied by over-sized briefs;" and (vii) the plaintiffs sought an interlocutory appeal to the Seventh Circuit.  *Id.* at 854 & n.3.

 Despite those additional delays that occurred prior to the filing of the plaintiffs' conditional certification motion, the court in *Bergman* limited the period of equitable tolling **only** to the two years (from June 30, 2011 to June 11, 2013) that the plaintiffs' motion was fully briefed until the court ruled on it, and did **not** extend tolling to the period encompassing any of the litigation delays noted in the preceding paragraph, nor to any period after the court's ruling. As to those other litigation delays, the court stated:  **"These are circumstances that are part of the ordinary litigating of an FLSA case, not extraordinary circumstances supporting further equitable tolling."**  *Id.* at 861 (emphasis added).

 In addition to lacking any "delay" in ruling on Plaintiffs' conditional certification motion that even approaches two years, this case lacks any of the additional delays that existed in *Bergman* (e.g., consolidation of cases, eleven months of discovery, interlocutory appeals, and so on).  Even if it did, however, even under *Bergman*, they would be merely "ordinary litigation delays" that would not justify tolling.  In short, *Bergman* does not support Plaintiffs' motion.

 Plaintiffs also cite *DePalma v. Scotts Co., LLC*, No. 13-7740, 2017 WL 1243134 (D.N.J. Jan. 20, 2017) (cited at Pl. Br. 5, 6, 7), yet that decision also does not support their motion.  In that case, the court did not rule on the plaintiffs' conditional certification for **one year**, which again is far longer than the 4-1/2 months at issue in this case.  *Id.* at *5.  Moreover, as in *Bergman*, other factors exacerbated the delay in *DePalma*, including:  (i) "unavoidable transfers among district judges and magistrate[s];" (ii) a three-month delay in the litigation requested by the defendant; (iii) pre-certification discovery; and (iv) the fact that the plaintiffs waited two months after the close of that discovery period to file their conditional certification motion.  *Id.* at

*7. Once again, no similar circumstances exist in this case. *See also Ornelas v. Hooper Holmes, Inc.*, No. 12-3106, 2014 WL 7051868, *1, 4, 10 (D.N.J. Dec. 12, 2014) (cited at Pl. Br. 7) (granting equitable tolling because of **two-year delay** in ruling on conditional certification); *Bosley v. Chubb Corp.*, No. 04-4598, 2007 WL 9604965, *1 n.1 (E.D. Pa. Feb. 20, 2007) (cited at Pl. Br. 7, 10) (granting equitable tolling because defendant engaged in "unreasonable" conduct in refusing to reach agreement on content of notice for **20 months** after conditional certification).

None of the "extraordinary" circumstances justifying equitable tolling in the decisions cited by Plaintiffs are present in this case. Plaintiffs' conditional certification motion has **not** been pending for one or two years, but only for 4-1/2 months, which is perfectly "ordinary" in litigation. Delays of much longer periods of time have been found to be "ordinary" and insufficient to justify equitable tolling. *See* authorities *supra* at 6-10. Moreover, this case lacks any of the other exacerbating circumstances that caused the lengthy delays in those cases to be even more "extraordinary," such as court-imposed stays, mandatory settlement discussions, consolidation of cases, Justice Department intervention, lengthy discovery periods, interlocutory appeals, and so forth. *See* authorities *supra* at 10-14.

To the contrary, other than the "ordinary" period of 4-1/2 months that their motion has been pending, the only circumstances that Plaintiffs point to are Defendants' Rule 12 motions and objections to the Report, which Defendants were entitled to file under the Federal Rules of Civil Procedure and which do not constitute "extraordinary circumstances" under the law, *see* authorities *supra* at 6-7, 9-10, and the fact that Defendants did not voluntarily agree to equitable tolling when asked to do so by Plaintiffs. Pl. Br. 2-3, 9-10. Yet, Plaintiffs cite no authority (and ATI has discovered none) for the untenable proposition that declining to voluntarily agree to equitable tolling is an "extraordinary circumstance" that justifies equitable tolling. Indeed, if that

were so (which it is not), any plaintiff could automatically manufacture circumstances justifying equitable tolling simply by requesting it from the defendant, which is contrary to law.

Moreover, in the cases cited by Plaintiffs, the delays and other "extraordinary" circumstances happened even though the named plaintiffs filed their complaints long before the limitations period began to expire for opt-in plaintiffs.  In this case, by contrast, Plaintiffs filed their Complaint **only one month before the two-year limitations period began to expire for opt-in plaintiffs**, a circumstance unlike anything reported in any decision cited by Plaintiffs. ATI submits that any imminent expiration of that limitations period is the result of Plaintiffs' belated filing of this action, rather than anything "extraordinary" in this case.  *See, e.g., Vargas*, 2012 WL 5336166, at *8 (denying equitable tolling in part because alleged delay did not prevent "a reasonably prudent [opt-in] plaintiff" from pursuing his own individual or collective action); *Sylvester*, 2014 WL 10416989, at *3 (same); *Bitner*, 301 F.R.D. at 363-64 (same); *Hintergerger*, 2009 WL 3464134, at *15 (same); *Love v. Phillips Oil, Inc.*, No. 08-92, 2008 WL 515677, *2 n.2 (N.D. Fla. Dec. 9, 2008) (same); *see also Sistrunk*, 674 F.3d at 190 (lack of diligence in pursuing rights renders tolling inappropriate); *Podobnik*, 409 F.3d at 591 ("'We have generally been much less forgiving [in granting tolling] where the claiming failed to exercise due diligence . . . .'")

Plaintiffs have failed to establish "extraordinary circumstances" justifying equitable tolling.  The circumstances of this case fall squarely under the Third Circuit's teaching that equitable tolling should be used "sparingly" and that ordinary "litigation delays" do not justify it.

## IV.  CONCLUSION

Plaintiffs' request for equitable tolling is unsupported by and contrary to law.  No "extraordinary circumstances" exist in this case.  Rather, the circumstances of this case reflect ordinary litigation and fall far short of anything "extraordinary" that justifies the "rare" remedy of equitable tolling.  ATI respectfully submits that Plaintiffs' motion should be denied.

Respectfully submitted,


s/ David J. Kolesar
David J. Kolesar (PA70439)
Ali J. Parker (PA318607)
K&L Gates LLP
K&L Gates Center
210 Sixth Avenue
Pittsburgh, Pennsylvania 15222-2613
Tel:  412-355-6500
Fax:  412-355-6501
Email:  david.kolesar@klgates.com
Email:  ali.parker@klgates.com

Counsel for Defendant
Dated:  January 26, 2018                   Allegheny Technologies Incorporated

<u>**CERTIFICATE OF SERVICE**</u>

I certify that on January 26, 2018, I filed the attached document with the court's ECF system, such that the following Plaintiff's counsel should receive service automatically via electronic mail:

Shanon J. Carson, Esquire
Sarah R. Schalman-Bergen, Esquire
Michaela Wallin, Esquire
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, Pennsylvania 19103
scarson@bm.net
sschalman-bergen@bm.net
mwallin@bm.net

Michael K. Yarnoff, Esquire
Kehoe Law Firm
Two Penn Center Plaza
1500 JFK Boulevard, Suite 1020
Philadelphia, Pennsylvania 19102
myarnoff@kehoelawfirm.com

s/ David J. Kolesar