**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RALPH SMITH and IGNATIUS HARRIS, individually and on behalf of all persons similarly situated, | ) ) ) ) | Civil Action No. 17-911 |
| Plaintiffs, | ) ) | Judge Mark R. Hornak |
| v. | ) ) | Magistrate Judge Robert C. Mitchell |
| ALLEGHENY TECHNOLOGIES, INC. and STROM ENGINEERING CORPORATION, | ) ) ) ) | Electronically Filed |
| Defendants. | ) ) | |

**DEFENDANT STROM ENGINEERING CORPORATION'S
OPPOSITION TO PLAINTIFFS' MOTION FOR EQUITABLE
TOLLINGINTRODUCTION**

Defendant Strom Engineering Corporation respectfully submits this memorandum in opposition to Plaintiffs' Motion for Equitable Tolling. (Dkt. 50).

**I.    LEGAL STANDARD**

Equitable tolling may be granted only where the moving party has been *prevented*—in an *extraordinary* way—from exercising their rights through no fault of their own, and only as to the claims of individuals who are properly before the court. The doctrine should be applied sparingly, especially in the FLSA context where Congress has expressly set forth the method to "commence" or join a lawsuit.

Nonetheless, Plaintiffs ask this Court to stop the statute of limitations clock for individuals who: (1) they do not represent; (2) have presented no evidence to show that they have been prevented from exercising their rights; and (3) are not even presently before this Court. Plaintiffs' stated reason for asking for equitable tolling is that "[i]n absence of such tolling, Potential Opt-In Plaintiffs' claims will continue to expire." This concern is present in every Fair

Labor Standards Act case, and is precisely the result Congress anticipated when it passed the Portal-to-Portal Act language expressly requiring individuals to file consent to join forms before the statute of limitations tolls as to their claims.  The circumstances upon which Plaintiffs rely do not constitute the sort of "extraordinary circumstance" that justifies overriding the statute of limitations Congress articulated and applied to FLSA claims.

In addition, Plaintiffs may not assert, and this court lacks jurisdiction to grant, a request for equitable tolling made on behalf of absent putative collective-action members. The individuals upon whose behalf Plaintiffs seek relief, however, *are not presently before this Court*, and Plaintiffs do not have standing to seek to protect their rights.

For these reasons, Defendants respectfully request that the Court deny Plaintiffs' Motion for Equitable Tolling.

## II.      STANDARD

To qualify for relief under the FLSA, the Act requires that a party plaintiff must "commence" his cause of action before the statute of limitations applying to his individual claim has lapsed. 29 U.S.C. §§ 216(b), 256(a). Actions to recover unpaid overtime compensation must be commenced within two years of the alleged violation (or within three years after the cause of action accrued for "willful" violations). 29 U.S.C. § 255(a). The limitations period for a plaintiff and potential plaintiff in a collective action under the FLSA runs until the individual ***consents in writing*** to become a party *and* ***such consent is filed in the court*** in which such action is brought. 29 U.S.C. § 256.

The Third Circuit has recognized "three principal situations in which equitable tolling is appropriate." *Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 591 (3d Cir. 2005) (citations omitted). First, equitable tolling will be allowed "where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action, and that deception causes non-compliance with an

2

applicable limitations provision." *Id*. Second, equitable tolling will be recognized "where the plaintiff ***in some extraordinary way*** has been ***prevented*** from asserting his rights." *Id* (emphasis added). Third, equitable tolling will be permitted "where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." *Id*. "[A] plaintiff will not receive the benefit of equitable tolling unless she exercised due diligence in pursuing and preserving her claim." *Doe v. Schneider*, No. CIV.A. 08-3805, 2013 WL 5429229, at *9 (E.D. Pa. Sept. 30, 2013) (citation omitted). Plaintiffs bear the burden of proof to establish that equitable tolling is proper. *Podobnik*, 409 F.3d at 591; *Doe*, 2013 WL 5429229, at *9 (citing *Satterfield v. Johnson*, 434 F.3d 185, 195 (3d Cir. 2006)).

The Third Circuit has not expressly ruled on the precise issue raised in Plaintiffs' Motion for Equitable Tolling, but both the U.S. Supreme Court and the Third Circuit have held that the doctrine of equitable tolling should be applied "***only sparingly***." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990) (emphasis added); *Podobnik*, 409 F.3d at 591 (*citing Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002)) (emphasis added); *Sistrunk v. Rozum*, 674 F.3d 181, 190 (3d Cir. 2012) (affirming dismissal of equitable tolling claim and observing that tolling should be used only sparingly and "only when the principles of equity would make the rigid application of a limitations period unfair."); *LaCava v. Kyler*, 398 F.3d 271, 275 (3d Cir. 2005) (courts should apply equitable tolling "only in the rare situation where [it] is demanded by sound legal principles as well as the interests of justice").

## III.   ARGUMENT

Plaintiffs do not argue that Defendant misled the named plaintiffs, the opt-in plaintiffs, or any potential collective class members regarding their FLSA rights or causes of action, or that any of the potential collective action members have timely asserted their FLSA rights mistakenly in the wrong forum.  Instead, Plaintiffs argue that the mere passage of time associated with the

Court considering their pending motion for conditional certification will cause potential collective action members "to be prevented from learning *about the existence of this action* and the *ongoing expiration of their claims*." Dkt. 51 at 5-6 (emphasis added). Such an assertion is implausible, does not fall within grounds recognized by any appellate court as permitting equitable tolling, and is contrary to the weight of case law that has considered the issue.

**A.     Plaintiffs Fail To Establish That Equitable Tolling Is Warranted.**

Plaintiffs do not present any evidence to show that these absent individuals have been prevented—in any way—from pursuing *their FLSA rights* (or that they even want to) by filing their own lawsuit or joining this one. In addition, the law is clear that the mere passage of time does not represent the requisite "exceptional" circumstances that would permit this Court to grant Plaintiffs' motion for equitable tolling.

**1.     Plaintiffs Present No Evidence That *The Potential Collective Action Members* Have Been *Prevented* From Asserting *Their* Rights.**

Critically, Plaintiffs' argument ignores the appropriate grounds for relief—that an individual has been prevented from **exercising their rights**—and instead articulates a self-serving re-statement of the standard as an individual who has been prevented ***from learning about the existence of plaintiffs' lawsuit*** and the natural running of the statute of limitations. *Cf. Podobnik*, 409 F.3d at 591, and Dkt. 51 at 5-6. This is not merely a distinction without a difference.  Courts protect those who have been harmed, especially where the harm was caused by a defendant.  Courts do not concern themselves with those who have shown no interest in participating in an ongoing lawsuit, and Plaintiffs implication that individuals who have been harmed will only recognize that harm after receiving notice is fallacy.

Plaintiffs Motion also fails, because it argues that **the Plaintiffs** "have expeditiously pursued their rights in this matter" by filing their motion for conditional certification "less than

one month after filing their Complaint." Dkt. 51, at 8. Plaintiffs' argument that they have diligently pursued their claims, however, conflates the efforts of the named Plaintiffs (whose statute of limitations was tolled upon the filing of their Complaint and opt-in notice) and those of absent collective action members (whose statute of limitations is only tolled when they file their own opt-in consent form), and entirely ignores the requirement that the individual moving for equitable tolling must show (1) ***they*** (2) have been ***prevented*** (3) ***in some extraordinary way*** from asserting their rights. *Podobnik*, at 591 (*citing Nat'l R.R. Passenger Corp.*, 536 U.S. at 113; *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990) ("We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights."); *see also*, *Ruehl v. Viacom*, 500 F.3d 375, 384 (3d Cir. 2007) (noting, in the context of an individual claim brought under the Age Discrimination in Employment Act, that "equitable tolling requires the plaintiffs to demonstrate that he or she could not, by the exercise of reasonable diligence, have discovered essential information bearing on her claim"). Plaintiffs' efforts to litigate *their* claims are irrelevant to whether absent class members have diligently pursued, yet been prevented from, asserting their rights.

With regard to this the efforts of these absent individuals, Plaintiffs provide no evidence that the individuals they seek to represent diligently pursued their rights or have been prevented from asserting their rights. Indeed, the only factual evidence in this case points to the direct opposite conclusion. It is undisputed that the potential collective action members Plaintiffs seek to protect *have not filed consents to joint this lawsuit*. Plaintiffs' Motion concedes that the potential collective action members have failed to take *any action* to pursue their FLSA rights. This failure is striking in light of the fact that Plaintiffs filed opt-in consent forms on behalf of 5 individuals. *See*, Dkts. 1, 6. The harms alleged in this lawsuit are certainly not the type of hidden

harm that a truly aggrieved individual is unlikely to discover. Plaintiffs allege that they were not paid for time worked. Dkt. 1, ¶¶81, 107, 137. It stretches logic to believe that a potential collective action member would be entirely unaware of such harm, if he or she was actually experiencing it. *Powers v. Centennial Commc'ns Corp.*, No. 108-CV-208-PPS, 2010 WL 746776, at *4 (N.D. Ind. Feb. 26, 2010) ("Most employees know when their employer is cheating them on overtime. And, in any event, ignorance of proper legal procedures is not sufficiently extraordinary to warrant tolling."); *Bitner v. Wyndham Vacation Resorts, Inc.*, 301 F.R.D. 354, 363 (W.D. Wis. 2014) (denying equitable tolling and observing that plaintiffs provided no evidence that the seven-month delay rendered potential collective action members unable to obtain information necessary to determining whether they had a viable FLSA claim, especially in light of the fact that some opt-in plaintiffs had joined the lawsuit already, even without the benefit of court-authorized notice that plaintiffs sought); *Hintergerger v. Catholic Health System*, No. 08–CV–380S, 2009 WL 3464134, at *14 (W.D.N.Y. Oct. 21, 2009).[1]

In *Hintergerger*, for example, the court held that it could not conclude "that a reasonably prudent potential plaintiff would not have known of his or her right to receive overtime pay after 40 hours." 2009 WL 3464134, at *14. The court further explained that "***[p]ursuit of that right*** [to receive overtime pay after 40 hours] ***is not dependent on the commencement or certification of a collective action***, and ***a reasonably diligent person could have acted by pursuing an individual or collective action for relief***." *Id*. (emphasis added). Similarly, in *Pendlebury v. Starbucks Coffee Co.*, the court reasoned that "[a]ny of the plaintiffs ***could have brought individual actions*** within the three year time period allowed by the FLSA" and "***with diligence,***

---

[1]  Ignorance of the proper legal procedures for asserting claims has also been rejected as "extraordinary" circumstances. *See, e.g, Arrieta v. Battaglia*, 461 F.3d 861, 867 (7th Cir. 2006) ("Mistakes of law or ignorance of proper legal procedures are not extraordinary circumstances warranting invocation of the doctrine of equitable tolling.").

*any of [the] plaintiffs could have filed individual (or collective) actions within the limitations period*." 04–80521–CIV, 2008 WL 700174, at *4 (S.D. Fla. Mar. 13, 2008) (emphasis added) (refusing to toll statute of limitations); *see also Love v. Phillips Oil, Inc.*, 3:08CV92/MCR/M D, 2008 WL 5157677, at *2 n. 2 (N.D. Fla. Dec. 9, 2008) (declining to apply equitable tolling to nine-month period before hearing on motion for conditional certification, observing that there was "no suggestion that any potential opt-in plaintiffs who, if they acted with diligence, could not discover they might have a colorable claim for relief and file actions within the limitations period"). Similarly here, the potential collective actions members Plaintiffs seek to protect could have pursued individual or collective relief if (1) they believed they were harmed; and (2) by exercising reasonable diligence.

Plaintiffs' cite *Depalma v. Scotts Co. LLC*, No. CV137740KMJAD, 2017 WL 1243134, at *6 (D.N.J. Jan. 20, 2017), for the proposition that equitable tolling is not limited to the three principal grounds identified by the Third Circuit, and to support their argument this Court may grant equitable tolling to *potential* collective action members in this case. The *Depalma* case, however, is factual and procedurally distinguishable. The court in *Depalma* only granted equitable tolling after it had granted conditional certification, after 101 individuals filed opt-in notices, and then only as to those individuals *who had already opted into the lawsuit. Depalma* did not extend tolling to *potential* collective action members who failed to take steps to file or join a lawsuit. The *Depalma* matter also involved unavoidable transfers among district judges and magistrate; an early three month delay at the Defendant's request; a delay caused by the need to re-file exhibits in support of plaintiffs' motion or conditional certification, a lapse of time of 27 months between the date the complaint was filed and the court ruled on plaintiffs' motion for conditional certification, and a delay of nine months between the filing of plaintiffs' motion for

conditional certification and the court's decision on plaintiffs' motion.  None of these facts exist in this case.

Neither this Court's actions nor those of the Defendant prohibited or prevented any of the potential collective-action members from pursuing an individual or collective action for relief. Having failed to provide evidence to show that the potential collective action members were somehow "prevented" from exercising their FLSA rights, Plaintiffs' motion must be denied.

### 2. The Mere Passage Of Time Does Not Represent "Extraordinary Circumstances."

After a lengthy discussion of inter- and intra-circuit case law, all of which agrees that equitable tolling *should be granted only sparingly and only when extraordinary equitable circumstances exist*, Plaintiffs assert that "Potential Opt-In Plaintiffs – through no fault of their own – have been and continue to be prevented from learning about the existence of this action and the ongoing expiration of their claims." Dkt. 51 at 4-5. Plaintiffs point only to the four months that have elapsed from the close of briefing on their motion for conditional certification.[2] Such a delay, Plaintiffs argue, constitutes an "extraordinary circumstance" warranting equitable tolling for the un-asserted putative claims of non-parties. *Id*.  Congress' statutory amendment of the FLSA to include a statute of limitations, the U.S. Supreme Court's analysis of Congress' efforts, and reasoned case law addressing this issue demonstrates that the mere passage of time, however, does not present appropriate grounds– extraordinary or otherwise –to grant equitable tolling.

The U.S. Supreme Court cautioned that "[p]rocedural requirements established by

---

[2] Plaintiffs filed their motion for conditional certification on August 2, 2017 (Dkt. 12), and their reply on September 7, 2017. Dkt. 40. Only four months have elapsed from the date briefing closed on Plaintiffs' motion for conditional certification. As numerous courts have held, a four-month delay is insufficient to constitute exceptional circumstances.

Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants." *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984). "***Congress knew when it enacted 29 U.S.C. § 256 that time would lapse between the filing of the collective action complaint by the named plaintiff and the filing of written consents by the opt-in plaintiffs, yet it chose not to provide for tolling of the limitations period***." *Woodard v. FedEx Freight E., Inc.*, 250 F.R.D. 178, 194 (M.D. Pa. 2008) (emphasis added). As such, courts must be cautious about equitably tolling the FLSA limitations period— especially where, as here, there are no allegations of wrongdoing on the part of the defendant or that anyone has actually been deprived of their ability to pursue their claims. *Tompkins v. Farmers Ins. Exch.*, No. 5:14-CV-3737, 2015 WL 4931605, at *7 (E.D. Pa. Aug. 18, 2015) (citing *Titchenell v. Apria Healthcare Inc.*, No. CIV.A. 11-563, 2012 WL 3731341, at *7 (E.D. Pa. Aug. 29, 2012)).

The mere passage of four months during the natural course of class and collective action litigation, absent more, is not recognized by courts in the Third Circuit as "extraordinary" circumstances. *Vargas v. Gen. Nutrition Centers, Inc.*, No. 2:10-CV-867, 2012 WL 5336166, at *9 (W.D. Pa. Oct. 26, 2012) (***denying motion*** for equitable tolling ***when motion for conditional certification was pending for 11 months*** and noting that "[o]ur court of appeals express guidance—that this remedy is to be applied 'sparingly' and only in 'extraordinary circumstances'—compels this result"); *Tompkins*, 2015 WL 4931605, at *7 (***denying*** equitable tolling ***when motion or conditional certification was pending 7 months***, and observing that, "in the average case in which the delay is attributable to the normal litigation process, courts have held that equitable tolling is not appropriate"); *Woodard*, 250 F.R.D. at 193-94 (***denying*** equitable tolling ***when motion to strike remained pending for more than one year*** at the time of

the court's equitable tolling decision); *Titchenell*, 2012 WL 3731341, at *7 ("in the average case in which the delay is attributable to the normal litigation process, courts have held that equitable tolling is not appropriate").

For example, in *Vargas*, the court refused to equitably toll the statute of limitations in an FLSA action where,

> the **delays** *Plaintiffs faced were not overly burdensome and* **certainly** *not* **extraordinary**: *roughly* **a seven month delay** . . . *between their Motion for Conditional Certification and argument on the matter, . . . ; approximately* **a four month delay** . . . *between argument and this Court's Memorandum Opinion and Order of Court . . . ; and a yet to be determined delay between the date of this Court's Order and the issuance of the notice to all putative plaintiffs . . . .*

*Id.* (emphasis added).

Courts in the Third Circuit are not alone. In *Hintergerger*, for example, plaintiffs sought equitable tolling based in part on litigation delays, including where ***the motion for certification and notice was pending for thirteen months***. 2009 WL 3464134, at *14. The court addressed those concerns and stated that "[u]nfortunately, ***the time for consideration*** of the conditional certification and related motions is reflective of an increasing caseload in this District and ***[a thirteen month delay] does not constitute an extraordinary circumstance for tolling purposes***." *Id*. at *15 (emphasis added).[3]

_____

[3] *See also*, *e.g.*, *Orozco v. Anamia's Tex-Mex Inc*, No. 3:15-CV-2800-L-BK, 2016 WL 6311237, at *3 (N.D. Tex. Oct. 6, 2016), report and recommendation adopted *sub nom.*, 2016 WL 6277843 (N.D. Tex. Oct. 27, 2016) (***denying*** motion for equitable tolling when ***motion for conditional certificate was pending six months and thirteen days***, and observing that "the delay that occurred during the Court's deliberation on the merits of Plaintiffs' Motion for Conditional Certification cannot be considered a circumstance so rare and exceptional to justify equitable tolling"); *Bitner*, 301 F.R.D. at 363 (***denying*** request for equitable tolling when ***motion for conditional certification had been pending for seven months***, and observing that such a delay, alone, "does not appear to constitute "an extraordinary circumstance, let alone one that prevented potential opt-in plaintiffs from timely joining this suit"); *Lee v. Metrocare Servs.*, 980 F. Supp. 2d 754, 770 (N.D. Tex. 2013) (***denying*** request to equitably toll from June 20, 2013, until at least

While Plaintiffs argue that courts regularly toll the statute of limitations in FLSA cases, Plaintiffs fail to cite to *any* appellate court authority that authorizes equitable tolling in a collective action due to the Court's supposed delay in ruling on a motion for certification. The authority they do cite in support of this precise issue is either from outside the Third Circuit or is distinguishable from the facts at issue here. For example, in *Oshiver v. Levin, Fishbein, Sedran & Berman*, the decision to allow tolling was expressly premised on "***defendant's deception*** regarding the plaintiff's cause of action." 38 F.3d 1380, 1390 (3d Cir. 1994) ("where the plaintiff's failure to file timely cannot be attributed to any inequitable conduct on the part of the defendant, an automatic extension of the statute of limitations by the length of the tolling period

---

ninety days after all potential plaintiffs have been notified of their opportunity to opt in, when ***motion for conditional certification had already been pending for pending for four months***); *Rodriguez v. Gold & Silver Buyers, Inc.*, No. 12–1831, 2013 WL 5372529, at *8 (S.D. Tex. Sept. 24, 2013) (***rejecting*** equitable tolling of FLSA claims when ***motion for conditional certification was pending for eight months***); *Switzer v. Wachovia Corp.*, No. 11–1604, 2012 WL 1231743, at *4 (S.D. Tex. Apr. 12, 2012) (***rejecting*** equitable tolling of FLSA claims when ***motion for conditional certification was pending for six months*** and original judge recused himself while certification was pending); *Clay v. Huntington Ingalls, Inc.*, No. 09–7625, 2012 WL 860375, at *4 (E.D. La. Mar. 13, 2012) (***rejecting*** equitable tolling of FLSA claims when ***motion for conditional certification was pending for over a year***); *McKnight v. D. Houston, Inc.*, 756 F.Supp.2d 794, 808–09 (S.D. Tex. 2010) (***rejecting*** equitable tolling of FLSA claims when ***motion for conditional certification was pending for six months***); *see also Muhammad v. GBJ, Inc.*, Civ. A. No. 10-2816, 2005 WL 863785, at *2 (S.D. Tex. Mar. 9, 2011) (***refusing*** to toll statute of limitations based on routine litigation delays because they are "present in many FLSA actions, despite the light burden imposed on plaintiffs seeking conditional certification, and does not qualify as a 'rare and exceptional circumstance'"); *Hintergerger*, 2009 WL 3464134, at *14 ("Unfortunately, the time for consideration of the conditional certification and related motions is reflective of an increasing caseload in this District and does not constitute an extraordinary circumstance for tolling purposes."); *Tidd v. Adecco USA, Inc.*, Civ. A. No. 07-11214, 2008 WL 4286512, at *5 (D. Mass. Sept. 17, 2008) ("[T]he circumstances of this case are not substantially different from other FLSA cases, and acceptance of the plaintiffs' argument would essentially mean that equitable tolling should occur in every FLSA collective action, changing the principle of equitable tolling from the exception to the norm."); *Love v. Phillips Oil, Inc.*, 3:08CV92, 2008 WL 5157677, at *4 (N.D. Fla. Dec. 9, 2008) (declined to apply equitable tolling even though nine months had passed between the filing of the complaint and the hearing on the motion for conditional certification.).

*does not make sense as a matter of equity*.") (emphasis added). Here, by contrast, Plaintiffs do not assert or present any evidence that Defendants have engaged in any deceptive or in appropriate conduct.

Similarly, Plaintiffs cite *Antonio-Morales v. Bimbo's Best Produce, Inc.*, No. 2:08-cv-05105, 2009 WL 1591172, at *1 (E.D. La. Apr. 20, 2009), where proceedings were stayed during the pendency of criminal charges against the Defendants. Because the court found that the intervention and mandatory stay *prevented* plaintiffs from obtaining conditional certification, and other victims from joining the FLSA action as potential named or opt-in plaintiffs, the court tolled the statute of limitations for the period of the stay. *Id*. at *2. Plaintiffs also cite *Yahraes v. Rest. Assocs. Events Corp.*, No. 10-cv-935-SLT, 2011 WL 844963, at *2 (E.D.N.Y. Mar. 8, 2011), but that court was presented with the facts that (1) the plaintiffs filed their motion for conditional certification less than one month after filing an amended complaint; (2) the judge *issued a stay* in the case to await the result of a NYSDOL investigation into unpaid wages (during which the parties agreed to toll claims for 160 days while the stay was in place); and (3) defendants sought to re-brief their opposition to conditional certification (which request was granted and created a new briefing schedule); *see also Adams v. Tyson Foods, Inc.*, No. 07–CV–4019, 2007 WL 1539325, at *2 (W.D. Ark. May 25, 2007) (allowing tolling after the filing of a Motion to Stay Proceedings Pending a Decision by the Judicial Panel on Multidistrict Litigation requesting transfer of the matter.). Unlike *Antonio-Morales*, *Yahraes and Adams*, there has been no intervention or stay of proceedings in this matter that would warrant tolling.[4]

---

[4] Plaintiffs also cite *Depalma v. Scotts Co. LLC*, No. CV137740KMJAD, 2017 WL 1243134, at *6 (D.N.J. Jan. 20, 2017). As noted above, however, the *Depalma* case had been twice re-assigned to different judges and involved a one-year delay in deciding plaintiffs' motion for conditional certification. In addition, the *Depalma* court offered little in the way of legal authority or analysis to support its conclusion that equitable tolling should be applied. In the face

To accept Plaintiffs' argument that any delay or day that passes in this litigation should not count against individuals who have not themselves decided to start or join in a lawsuit would fly in the face of Congressional intent and would lead to the impossible conclusion that equitable tolling should occur at every step in an FLSA collective action. This conclusion would effectively eliminate the statute of limitations in FLSA collective action cases for absent individuals, and would permit the exception to swallow the rule. *Tidd*, 2008 WL 4286512, at * 5 ("[T]he circumstances of this case are not substantially different from other FLSA cases, and acceptance of the plaintiffs' argument would essentially mean that equitable tolling should occur in every FLSA collective action, changing the principle of equitable tolling from the exception to the norm."); *see also Doe*, 2013 WL 5429229, at *10 ("***Adopting Plaintiff's argument*** [that sexual abuse should constitute grounds for equitable tolling] could require tolling in most CAVRA cases, and ***would render the statute of limitations meaningless***.") (emphasis added).

In short, Plaintiffs have cited *no precedential authority from any appellate court*, and the authority they do cite is distinguishable and presents no basis for tolling in this case. The simple fact remains that this case has proceeded on a schedule Plaintiffs agreed to follow, and without undue delay. The time taken by this Court to consider Plaintiffs' motion for conditional certification, Defendant's motion for partial summary judgment, and Plaintiffs' Rule 56(D) motion reflects the normal litigation process in a class and collective action case. The circumstances presented in this case are not at all "extraordinary" or inequitable.

---

of the majority of opinions to the contrary, and dearth of analysis or authority to support its conclusion, Defendant respectfully submits that the *Depalma* opinion was wrongly decided and the absence of any explanation for that ruling robs it of any persuasive effect here.

**B.      Plaintiffs' Tolling Motion is Premature - They Lack Standing To Request Equitable Tolling (And The Court Lacks Jurisdiction To Order It) For Absent Collective Action Members.**

Courts may not give advisory opinions to non-parties. *Flast v. Cohen*, 392 U.S. 83, 94 (1968) ("the judicial power of federal courts is constitutionally restricted to 'cases' and 'controversies'"); *Princeton Univ. v. Schmid*, 455 U.S. 100, 102 (1982) (Courts do not "sit to decide hypothetical issues or to give advisory opinions about issues as to which there are not adverse parties before [them]."). "[I]n terms of Article III limitations on federal court jurisdiction, the question of standing is related only to whether the dispute sought to be adjudicated will be presented in an adversary context." *Flast*, 392 U.S. at 101. The ***party*** seeking to invoke federal court jurisdiction must have "***a personal stake*** in the outcome of the controversy." *Id.* at 101 (*citing Baker v. Carr*, 369 U.S. 186, 204 (1962)) (emphasis added).

Unlike named plaintiffs in a certified class action under Rule 23 of the Federal Rules of Civil Procedure, a named plaintiff does not "represent" a collective action member, and the statute of limitations for that absent member's claims under the FLSA continues to run, unless and until that individual files their own lawsuit and an opt-in notice with the court. 29 U.S.C. § 256; *Woodard*, 250 F.R.D. at 193.

In 1947, Congress enacted the Portal-to-Portal Act (the "PPA"), which "limit[s] private FLSA plaintiffs ***to employees who asserted claims in their own right*** and free[s] employers of the burden of representative actions." *Woodard*, 250 F.R.D. at 185 (*citing Hoffmann–La Roche Inc. v. Sperling*, 493 U.S. 165, 173 (1989)) (emphasis added). Congress sought to preclude the situation where a single plaintiff could file a lawsuit claiming to represent hundreds, if not thousands, of other individuals who had themselves not made any efforts to pursue FLSA claims. In this regard, the PPA amended FLSA section 216(b) by adding the following sentence: "No employee shall be a party plaintiff to any such action unless he gives his consent in writing to

become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b); *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 306 (3d Cir. 2003) (Congress sought to define and limit the jurisdiction of the courts in creating the opt-in requirement). This express opt-in requirement accomplishes Congress's objectives by limiting collective actions under the FLSA to employees who have demonstrated an interest in pursuing relief for an alleged harm by affirmatively consenting in a filed writing to join the lawsuit. *Woodard*, 250 F.R.D. at 185 ("Congress knew when it enacted 29 U.S.C. § 256 that time would lapse between the filing of the collective action complaint by the named plaintiff and the filing of written consents by the opt-in plaintiffs, yet it chose not to provide for tolling of the limitations period.").

Here, Plaintiffs present a question to this Court related to the rights of individuals who are not themselves a party to this litigation. Courts have rejected similar efforts to pursue rights of non-parties on the grounds that putative opt-in plaintiffs were not properly in the case, and therefore courts do not have jurisdiction and the ability to give advisory opinions regarding the rights of these individuals. For example, in *United States v. Cook*, 795 F.2d 987 (Fed. Cir. 1986), the Federal Circuit vacated a lower court order that tolled the statute of limitations for putative members of an FLSA collective action pending an interlocutory appeal. In vacating the order, the Federal Circuit held that the employees covered by the tolling order ***had not filed claims***, and, therefore, ***the lower court did not have the "power to give advisory opinions" regarding these non-parties*** "[u]nder general principles derived from the 'case or controversy' requirement of Article II, Section 2, Clause 1 of the U.S. Constitution." *Id*, at 994;[5] *see also Piekarski v.*

---

[5] This is consistent with the Third Circuit's jurisprudence in the class action context. In *In re Gen. Motors Corp. Pick–Up Truck Fuel Tank Prods. Liab. Litig.*, for example, the Third Circuit explained that after vacating the district court's class certification order, virtually none of the

*Amedisys Illinois, LLC*, No. 12-CV-7346, 2013 WL 2357536 (N.D. Ill. May 28, 2013) ("it would be improper for the Court to toll the statute of limitations for ***prospective*** plaintiffs") (emphasis added); *Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767 F. Supp. 2d 445, 449 (S.D.N.Y. 2011) (holding that it would not decide whether tolling was appropriate at notice stage of FLSA case because it was "not yet clear whether or not any potential plaintiffs [would] be barred ... due to a delay in notice."); *Puffer v. Allstate Ins. Co.*, 614 F. Supp.2d 905, 917 (N.D. Ill. 2009) (holding that court lacked personal jurisdiction necessary "to issue a blanket order staying the statute of limitations for all putative class members"); *Hawkins v. Alorica, Inc.*, No. 2:11-cv-00283-JMS-WGH, 2012 WL 5364434, *4 (S.D. Ind. Oct. 30, 2012) (refusing to toll FLSA's statute of limitations because "[t]o decide the tolling issue for non-parties would be to issue an advisory opinion, which the Court is prohibited from doing").

Here, Plaintiffs' counsel does not assert that they represent any of the putative collective action members. And there is no dispute that the potential collective action members have not filed consent forms to join this action. Therefore, the Plaintiffs lack standing to assert (and this Court lacks jurisdiction to grant) equitable tolling as to absent potential collective action members.

## IV.    CONCLUSION

Equitable tolling is an extraordinary remedy that Plaintiffs seek to dilute by invoking its protections for the most pedestrian of reasons: the mere passage of time inherent and natural to ordinary collective action litigation. Plaintiffs' efforts, however, run contrary to the weight of

---

putative class members were parties before the appellate court. 134 F.3d 133, 141 (3d Cir. 1998). In the absence of their constructive or affirmative consent to personal jurisdiction, due process deprived the court of personal jurisdiction over these absent putative class members. *Id*.

authority, and they lack standing to seek equitable tolling on behalf of non-parties. For these reasons, Defendant respectfully requests that Plaintiffs' Motion for Equitable Tolling be denied.

Respectfully submitted,

*/s/ Joshua C. Vaughn*

Theodore A. Schroeder (PA #80559)
 tschroeder@littler.com
Joshua C. Vaughn (PA #203040)
 jvaughn@littler.com
**LITTLER MENDELSON, P.C.**
625 Liberty Avenue, 26th Floor
Pittsburgh, PA 15222
(412) 201-7624/7677
(412) 774-1959 (fax)

*Counsel for Defendant*
*Strom Engineering Corporation*

Date: January 26, 2018

## <u>CERTIFICATE OF SERVICE</u>

I certify that on January 26, 2018, a copy of the foregoing Defendant Strom Engineering

Corporation's Opposition to Plaintiffs' Motion for Equitable Tolling was filed using the Western

District of Pennsylvania's ECF system, through which this document is available for viewing

and downloading, causing a notice of electronic filing to be served upon the following counsel of

record:

Shanon J. Carson, Esq.
Sarah R. Schalman-Bergen, Esq.
Michaela Wallin, Esq.
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA 19103
scarson@bm.net
sschalman-bergen@bm.net
mwallin@bm.net

Michael K. Yarnoff, Esq.
Kehoe Law Firm
Two Penn Center Plaza
1500 JFK Boulevard, Suite 1020
Philadelphia, PA 19102
myarnoff@kehoelawfirm.com

David J. Kolesar (PA70439)
Ali J. Parker (PA318607)
K&L Gates LLP
K&L Gates Center
210 Sixth Avenue
Pittsburgh, Pennsylvania 15222-2613
Tel: 412-355-6500
Fax: 412-355-6501
Email: david.kolesar@klgates.com
Email: ali.parker@klgates.com

*/s/ Joshua C. Vaughn*